## In the Matter of the Petition of EDMUND WARING et al.

Under the provisions of the Revised Statutes (1 R. S. 730, § 68), vesting in the Supreme Court any unexecuted express trust in real estate upon the death of the surviving trustee, and authorizing the appointment by it of some person to complete the execution of the trust, and under the provision of the act of 1882 (Chap. 185, Laws of 1882), making similar provisions as to personal property, upon application for the appointment of a trustee the court has jurisdiction only to inquire whether the deceased trustee was at the time of his death engaged in the execution of

an apparent trust, and whether that trust remains in any respect unexecuted; if these facts appear it is the duty of the court to make the appointment. It may not determine questions involving the rights and interests of the various parties interested, as they are affected by the validity, extent and character of the trust, or the right of possession of the property alleged to be covered by it.

*It seems* that when a new trustee is thus appointed, such action may properly be instituted by him as will determine these questions.

(Submitted April 14, 1885; decided April 28, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made October 6, 1884, which affirmed an order of Special Term, adjudging that William E. Waring at the time of his death was trustee of an unexecuted trust, and appointing a trustee in his place and stead.

The material facts are stated in the opinion.

*Henry H. Anderson* and *Howard Mansfield* for appellant. The trust, if any there was, for the benefit of William having ceased with his life and no provision for a reverter to the grantor, Edmund, having been made, the estate conveyed vested absolutely in William's sole devisee. (R. S., part 2, tit. 2, art. 2, § 67.) The administration of the trust in the personal property, created by the agreement of March, 1881, devolved by operation of law, at the death of William E. Waring, upon Frederika W. Waring as his executrix. (*Boone* v. *Citizens' Savings Bk.*, 84 N. Y. 83.) Chapter 185 of the Laws of 1882, under which it is attempted to transfer this trust to the Supreme Court instead of to the appellant, was enacted after the agreement creating the trust and cannot affect it. (*N. Y., O. & W. Ry. Co.* v. *Van Horn*, 57 N. Y. 473; *Benton* v. *Wickwire*, 54 id. 226; *Wood* v. *Mather*, 44 id. 249; *Ely* v. *Hutton*, 15 id. 595; *Frost* v. *Cabenas*, 18 Abb. Pr. 143; *Wood* v. *Oakley*, 11 Paige, 400; *Dash* v. *Van Kleek*, 7 Johns. 477; *Murray* v. *Gibson*, 15 How. [U. S.] 421; Sedg. on Const. of Stat. & Const. L. 166; Potter's Dwarris on Stat. & Const. 162, note 9.)

*A. C. Brown* for respondents. Upon the death of William, the trust, being unexecuted, vested in the Supreme Court, and was required by statute to be executed by some person appointed by that court for the purpose. (R. S., part 2, chap. 1, tit. 2, art. 2, § 68 ; Laws of 1882, chap. 185.)

RUGER, Ch. J.  The petitioner, Edmund Waring, being, previous to November 8, 1876, the owner of a large amount of real and personal property, on that day conveyed to William E. Waring his real estate by a deed without covenants, upon the consideration expressed in the conveyance of $10, and out of natural love and affection. At about the same time presumably the petitioner delivered the personal property in question to said William E., and the same, with said real estate, remained in the possession of the said William E., and he continued to manage and control it, until his death on the 5th day of October, 1882.

By his last will and testament William E. Waring devised all of his real and personal estate to the appellant, Frederika Waring, and under said will she has taken possession of and now holds the property above described. It seems also inferable from the proof, that simultaneously with the transfer of the property in question William E. Waring and Edmund Waring executed two several agreements, in writing, indicating that the property in question was not conveyed solely for the purpose of vesting the ownership in the said William E. Waring, but was so conveyed to enable its grantee and assignee to carry out and execute certain purposes designed by its former owner, and which were expressed more or less fully in said agreements. Subsequently thereto, and on the 16th day of March, 1881, a further agreement, in writing, was made between the said William E. Waring, Edmund Waring and Catharine G. Secor, wherein it was recited that the agreements above referred to constituted a declaration of trust as to said real estate, and also expressly declaring that the said William E. held said personal property in trust for certain purposes, which were also declared by, or inferable from, the language of said agreement. ·

Upon the assumption that these various agreements and con-
veyances created a valid trust for certain purposes, the peti-
tioners made application to the Supreme Court at Special Term
upon the death of William E. Waring, for the appointment of
a trustee in his place to execute said trust.   So far as the papers
disclose the existence of any beneficiaries of the alleged trust,
it appears that all of them have joined in making this appli-
cation, and, of course, have had notice of the proceeding and
assent to its prosecution.   The application is made under sec-
tion 81 of article 2, title 2, chapter 1, part 2 of the Revised
Statutes, page 1110, sixth edition, which vests in the Supreme
Court any unexecuted express trust in real estate upon the death
of the surviving trustee, and authorizes the appointment by it
of some person to complete its execution.   Similar provisions
as to personal property are contained in chapter 185, Laws
of 1882.

In answer to this application, various grounds are alleged
why the appointment should not be made; and, among others,
it is denied that any trust was created by the transactions in
question, and if there was, that some or all of its purposes
have either been accomplished or were illegal or unauthorized,
or that they applied only to a portion of the property de-
scribed.   It is also claimed that the appellant became entitled
to execute the trust as to the personal property upon the death
of her husband.

We think, under the authority of the statute referred to,
the court had jurisdiction to inquire and determine, for the
purpose of this application, whether William E. Waring
was at the time of his death engaged in the execution of an
apparent trust, and if so, whether that trust remained in any
respect unexecuted at the time the application was made.   The
method of procedure under this statute does not contemplate,
neither does it in terms provide for the trial and determination
of questions involving the rights and interests of the various
parties interested, as they are affected by the validity, extent
and character of the trust, or the right of possession of the
property alleged to be so held.   By necessary implication, the

power to inquire, so far, into the subject as enables the court to judge of the existence of the trust, and the necessity for the appointment of some person to protect the interests vested in the court, must be held to follow from the express power conferred upon it, but beyond this we do not think upon such an application, it has a right to go.

When a trustee is appointed by the court, and controversies arise between him and other persons as to the nature and extent of his authority, or the title, possession or control of the property claimed to be affected by the trust, such action may be properly instituted by him as will determine the questions in dispute, and establish the rights of the parties interested.

On this proceeding it does not appear affirmatively, but that there are other parties interested in the property who are not before the court, nor are the facts sufficiently stated and determined to enable it to make such a decree as will be necessary to dispose of and settle the various questions which may arise as to the extent and validity of the trust. The facts referred to were, however, sufficient to authorize the court to determine that an apparent legal trust was created in the property described by the conveyances and agreements referred to, and that some of its objects remained unperformed at the time of the death of William E. Waring. These facts authorized the appointment of a trustee by the court below, and after having performed that duty, it seems to us that it should have left the determination of other questions involved, to the result of an action regularly instituted to accomplish that purpose.

The order of the Special and General Terms should be modified by striking out so much thereof as assumes to adjudicate upon the extent and validity of the trust, if such provisions there are, and as thus modified should be affirmed.

All concur.

Ordered accordingly.