IN THE MATTER OF THE APPLICATION OF ELIZABETH BIER-BAUM FOR THE APPOINTMENT OF HER HUSBAND TO EXECUTE A POWER GIVEN BY WILL.

*Discretionary power of sale conferred upon an executor — the court cannot appoint, to exercise it, a successor to the one named by the testator — 1882, chap. 185.*

The mother of the petitioner by her will directed her executor to pay all just debts and liabilities, including funeral expenses, and gave and devised to her daughter all her estate, of whatever kind or nature, to be used and enjoyed by her during her natural life, and immediately after her death she gave and devised the same unto the children of the daughter, or such of them as might be living at that time, and to the legal representatives of those that were dead; and in the event of the daughter dying without leaving descendants, then she gave the estate to her collateral relatives. She nominated and appointed W. W. Sprague her executor, and authorized him to sell her real estate at any time, at either public or private sale, and to give good and sufficient deeds to the purchaser or purchasers thereof. The executor having died the daughter, after having been herself appointed administratrix, with the will annexed, applied to have her husband appointed a trustee, in place of the executor, with power to execute the power of sale conferred by the will.

*Held*, that the application should be denied as the power given by the will was a naked and purely discretionary one, which could be performed by no person other than the one selected by the testator.

*Semble*, that chapter 185 of 1882, providing for the appointment of a trustee, upon the death of a surviving trustee, has no application to this case, as no express trust was created by the will.

APPEAL from an order made at Special Term, denying an application for the appointment of a trustee to execute a power of sale.

The petitioner, Elizabeth Bierbaum, resides with her husband Henry Bierbaum, and their children, in this city. She is the only daughter of Margaret O'Grady, deceased, who died on or about the 19th of July, 1877, in this State, leaving a last will and testament a copy of which is as follows :

"Know all men by these presents, that I, Margaret O'Grady, widow of Peter O'Grady, of the city of New York, do make, ordain, publish and declare this to be my last will and testament. I direct my executor hereinafter named to pay all my just debts and liabilities, including my funeral expenses, as soon after my death as practicable.

"I give, bequeath and devise unto my daughter, Elizabeth Bierbaum, all my estate of whatever kind or nature, to be used and enjoyed by her during her natural life, and immediately after her death, I give, bequeath and devise the same unto the children of my said daughter, or such of them as may be living at that time, and to the legal representatives of those that are dead, and in the event of my said daughter dying without leaving descendants, then I give my said estate to my collateral relatives forever.

"I nominate and appoint, as executor of this my last will and testament, Dr. Welcome W. Sprague, and authorize him to sell my real estate at any time, at either public or private sale, and to give good and sufficient deeds to the purchaser or purchasers thereof.

"In witness whereof, I have hereunto set my hand and seal the 18th day of July, 1877.

"MARGARET $\overset{\text{her}}{\times}$ O'GRADY."
mark.

The will was admitted to probate in August, 1877, and on the 26th of March, 1884, the executor, Welcome W. Sprague, whilst acting as such, died, leaving the power conferred upon him by the will unexecuted. The petitioner was subsequently, and in April, 1884, appointed administratrix with the will annexed, and now she asks the appointment of her husband in the place and stead of the executor, deceased, with authority to execute the power in accordance with the provisions of the will of Mrs. O'Grady.

The learned justice, by whom the application was considered, denied it, and for the reason, as appears from the record, that some authority should be presented showing that the court could appoint a trustee to execute the power of sale under the will.

*E. Haines,* for the petitioner, appellant.

*Valentine Marsh,* for the guardian *ad litem* for infants, respondents.

BRADY, P. J.:

It will have been perceived that after the direction to pay the debts and funeral expenses, the testatrix gives all her estate to her daughter, the petitioner, of whatever kind or nature, to be used and enjoyed by her during her natural life, and immediately after

her death she gives the same unto the children of her daughter, or such of them as may be living at that time, and to the legal representatives of those that are dead, and in the event of her daughter dying without leaving descendants, then she gives her estate to her collateral relatives forever. And this is followed by a distinct and separate clause appointing Dr. Welcome W. Sprague her executor, and authorizing him to sell her real estate at any time, at either public or private sale, and to give good and sufficient deeds to the purchaser or purchasers thereof. There is no special fund or property from which the debts are to be paid and satisfied. It must be presumed that the personal estate is, therefore, primarily applicable thereto, and consequently that the devise of the estate being in general terms, without any declaration or statement that the real estate is given after, or subject to, the payment of the debts or any part thereof, there is no ground for the inference that the testator intended to appropriate it to such purpose. It follows that such payment and satisfaction could only be made out of the personal estate, and that the testatrix, in giving the power to make the sale of the real estate, could not have intended its exercise for such object. (*Kinnier* v. *Rogers*, 42 N. Y., 534.)

The absolute power of disposition, as said in the case just cited, is given to the executors, and if no other person has any interest in its execution, and it be construed as unaccompanied by any trust, it is an absolute power in them and they take an absolute fee. The power is general, since it authorizes the grantee to convey the property to any alienee whatever. But it is neither imperative nor beneficial, since its exercise is left altogether to the discretion of the grantee. The interest which the heirs in remainder took in the described estate did not at all depend upon the execution of the power, and they, therefore, had no interest in having it executed, their only concern in the subject relating to its wise exercise whenever the donee should, in his discretion, choose to avail himself of the authority conferred. And as no duty is imposed by the will upon the grantee to execute the power, so no authority is conferred upon the courts to compel its execution, and the subject of a sale is left to the sole discretion of the donee. It would seem, therefore, that the power was simply one of trust, to be exercised only when, in the judgment of its donee, the prudent and proper management

of the property required its exchange into some safer or more remunerative investment. And the exercise of the power was intended for the benefit of the owners of the ultimate estate, as well as for that of the life tenant, and could be exercised or omitted at the mere discretion of the donee. The terms of the power confer its exercise upon the donee alone, and being a trust to sell real estate it was purely a discretionary power, whose execution could not be delegated to another, or restrained or enforced upon the application of any of the parties. (*Coleman* v. *Beach*, 97 N. Y., 545.)

The principles enunciated in these two cases seem to dispose of the question presented for our consideration and adjudication, and the contention, therefore, of the respondents that the power given by the will was a mere naked one and purely discretionary, and which could be performed by no other person, was well taken.

The respective counsel have not presented any views as to the effect of chapter 185 of the Laws of 1882, in reference to the appointment of a trustee, and which provides that upon the death of a surviving trustee of an express trust the trust estate shall not descend to his next of kin or personal representatives, but the trust, if unexecuted, shall vest in the Supreme Court, with all the powers and duties of the original trustee; and, it is supposed, for the reason that there was not an express trust conferred by the will of Mrs. O'Grady, although some of the provisions of the statute in relation to trusts were made applicable to certain powers. If it could be regarded as an express trust in any aspect in which it might be considered, then it would be the duty of the court to make the appointment asked, for the reason as declared *In the Matter of the Petition of Waring*, etc. (99 N. Y., 114), that such appointment must be made, and without reference to any question involving the rights and interests of the various parties as they are affected by the validity, extent and character of the trust, or the right or possession of the property alleged to be covered by it.

For these reasons it is thought the order appealed from should be affirmed.

DANIELS, J., concurred.

Order affirmed.