In the Matter of the Application of LAZARUS LEVY for the Appointment of a Trustee in Place and Stead of ABRAM C. BERNHEIM, Deceased.

CHARLES L. BERNHEIM and Others, Appellants; LAZARUS LEVY, Respondent. No. 1.

*Order by default — it must follow the notice of motion — substituted trustee — procedure for an accounting for the trust fund.*

Where a notice of motion asks for an order that the administrator of a deceased trustee and any and all other persons having possession *of the trust fund*, or any portion thereof, pay the same to the substituted trustee, it is error to enter an order, by default, which provides that any person having possession of the *stock, notes and property mentioned in said petition and complaint*, or any portion thereof, be required to pay the same to the substituted trustee — thus adjudicating that the property mentioned in the petition and complaint is a part of the trust fund.

Where an order is taken by default, it should follow the prayer for relief in the petition upon which the motion is made.

While the parties in interest have a right to insist that the determination as to the specific property, which should be delivered to a substituted trustee appointed under chapter 185 of the Laws of 1882, should be determined in an action, yet, the court has power, where no objection is made to its proceeding in that manner, to order, on motion of a party in interest, that the administrator of the original trustee, and any and all other persons having possession of the said trust fund, or any portion thereof, pay and deliver the same to the substituted trustee, and to appoint a referee to supervise the payment and transfer of such property to the substituted trustee, and to direct that such administrator, and all other persons having possession of any of the trust property appear before said referee for the purpose of accounting for and paying over and delivering the same to the said substituted trustee.

APPEAL by Charles L. Bernheim and others from an order of the Supreme Court, made at the New York Special Term bearing date the 20th day of November, 1896, and entered in the office of the clerk of the county of New York denying their motion to amend an order bearing date September 30, 1895.

*Courtland V. Anable,* for the appellants.

*A. J. Dittenhoefer,* for the respondent.

INGRAHAM, J. :

This is an appeal from an order denying a motion to amend an order entered on the 30th of September, 1895. It appears that one A. C. Bernheim was a trustee under a certain syndicate arrangement or agreement, and that about the month of January, 1895, the said A. C. Bernheim commenced an action in the Supreme Court whereby he, as trustee, asked for an accounting between himself and the defendants in the action, of all the transactions arising out of a certain syndicate arrangement which was set forth in the complaint therein. The three appellants were defendants. Subsequent to the commencement of such action the said A. C. Bernheim died, and letters of administration upon his estate were issued to Henry C. Bernheim. Subsequently, one Lazarus Levy, who was one of the *cestuis que trustent*, and, as such, interested in the trust estate, presented a petition to the Supreme Court and obtained an order to show cause requiring the said Henry C. Bernheim and all of the defendants in the said action hereinbefore referred to, to show cause at a Special Term of the court upon a day named, why a trustee should not be appointed in the place and stead of the said A. C. Bernheim. deceased, and why the prayer of the said petition should not be granted. A copy of such order was served personally upon H. C. Bernheim, the administrator, and was served by mail, as provided for by said order, upon the other defendants in the action, who were the *cestuis que trustent* under the trust agreement which constituted the said A. C. Bernheim trustee. Upon the return day of that order, the administrator of the deceased trustee alone appeared, and upon his consent an order was entered whereby the Farmers' Loan and Trust Company was designated as trustee to execute the trust, and the said administrator and all other persons were required to account to the said trust company for the property of the trust estate in their hands and to deliver the same to the trust company, and a referee was appointed before whom such accounting should be had. These three appellants constitute the firm of Bernheim, Bauer & Co., who received notice of this application, and applied to the court to modify the said order entered as to them by default, upon the ground that it gave a more extended relief than the order to show cause asked for, and thus went beyond what the court should have granted against

them as upon their default. As before stated, the order to show cause required the *cestuis que trustent* to show cause why a trustee in the place and stead of A. C. Bernheim, deceased, should not be appointed, and the prayer of the petition granted. The petition asked for the appointment of a new trustee and an order directing Henry C. Bernheim, the said administrator, and any and all persons having possession of the said trust fund, or any portion thereof, to pay the same to the said new trustee, and that the said new trustee deposit said funds in a trust company to be named by the court, subject to the further order of the court, and for such other or further relief as may be proper in the premises. The order granted by the court requires the said Henry C. Bernheim, as administrator of the said Abram C. Bernheim, and any and all other persons having possession of the stock, moneys, notes and property mentioned in said petition and complaint, or any portion thereof, or the proceeds thereof, to pay and deliver the same to the Farmers' Loan and Trust Company. It will be noticed here that this order is considerably broader than the prayer of the petition. The order asked for by the petitioner is that the said administrator of the deceased trustee, and any and all other persons having possession of the said trust fund, or any portion thereof, pay the same to the new trustee. The order provides that any person having possession of the stock, property, notes and property mentioned in said petition and complaint, or any portion thereof, be required to pay the same to the Farmers' Loan and Trust Company as trustee, thus adjudicating that the property mentioned in the petition and complaint is a part of the said trust fund. We think the order should have followed the prayer for relief in the petition, and that as to those appealing defendants, who were in default upon the return of the order to show cause, no broader order should have been granted than that asked for in the order to show cause. We think, therefore, that the court below should have modified the order of September 30, 1895, so that the last clause thereof should read as follows: " Ordered, that the said Henry C. Bernheim, as administrator of the said Abram C. Bernheim, and any and all other persons having possession of the said trust funds or any portion thereof, pay and deliver the same to the Farmers' Loan and Trust Company, as said trustee, and William H. Willis, Esq., is hereby appointed

referee to supervise the payment and transfer of said stock, moneys and property to the said Farmers' Loan and Trust Company, as trustee, and the said Henry C. Bernheim, and all persons having possession of any part of said moneys, stock or property, or the proceeds thereof, are hereby ordered and directed to appear before said referee for the purpose of accounting for and paying over and delivering the same to the said trust company; and that for that purpose they attend before said referee with their books and papers." The appellants, however, strenuously insist that the court below had no power to grant any order except one simply designating the person to carry out this trust, and they cite as sustaining this contention *Matter of Waring* (99 N. Y. 116).

It is true that it was there held that the statute referred to (Chap. 185, Laws of 1882) does not contemplate, neither does it in terms provide for, the trial and determination of questions involving the rights and interests of the various parties interested, as they are affected by the validity, extent and character of the trust, or the right of possession of the property alleged to be so held. The court, however, has power to inquire so far into the subject as will enable the court to adjudge of the existence of the trust and the necessity for the appointment of some person to protect the interests vested in the court. The court then says: "When a trustee is appointed by the court, and controversies arise between him and other persons as to the nature and extent of his authority, or the title, possession or control of the property claimed to be affected by the trust, such action may be properly instituted by him as will determine the questions in dispute, and establish the rights of the parties interested." This was held on a direct appeal by one of the parties interested from the order appointing the new trustee, and would have been an objection which might have been presented to the court below upon the return of the order to show cause. In this proceeding it affirmatively appears that all persons interested in the trust were before the court; that the executor of the deceased trustee consented to the entry of this order, and none of the others interested appeared upon the return of the order to show cause or made any objection to the granting of the prayer of the petition, and no excuse is now presented for such non-appearance. I can see no reason why the court had not the power, upon the consent of, or in the absence of

an objection on the part of, those interested in the trust estate and who received notice of the application, to determine in one proceeding the existence of the trust and the necessity of the appointment of a person to execute the trust in place of the deceased trustee, and at the same time require that the trust property be delivered to the trustee. The Court of Appeals, in *Matter of Waring* (*supra*), has held that where any one interested in the trust objects to an investigation of what property is affected by the trust in a proceeding for the appointment of a new trustee, it is error for the court to proceed with such investigation in that proceeding, but it has not held that, in the absence of objection, and upon the consent of the executor of the deceased trustee, the court should not, in this economical and prompt proceeding, direct that the trust property be delivered to the substituted trustee and superintend such delivery rather than put the parties to the expense and delay necessary to substituting an action at law to determine the specific property that should be delivered to the substituted trustee. There is no attempt by this order appealed from, as there was in the *Waring* case, to define the nature of the trust, or to establish a trust which is in effect disputed, and execute it. Here the trust is conceded. The deceased trustee had, in his lifetime, commenced an action for an accounting, in which he alleged the execution of the trust. It does not appear that there was any dispute as to the property that constituted the trust, nor does this order direct a determination as to the nature and extent of the title, possession or control of the property that was claimed to be affected by the trust. The personal representative of the deceased trustee consents that the question as to the delivery of the property to the person appointed to execute the trust should be determined in this proceeding, and these appellants, who apparently have no possible interest to object to the personal representative of the deceased trustee, thus economically and satisfactorily determining the question as between the estate of the deceased trustee and the substituted trustee, are the only ones that object to this proceeding, and are endeavoring to obstruct the determination of the controversy between the parties who have agreed to settle their controversy in this manner.

The application to the court below was not to open the default and allow these appellants now to come in and be heard upon the

motion, but seeks to set aside or modify the order entered by striking out a part of the relief asked for on the motion, and to which, if the appellants had wished to object, they should have appeared and urged their objection upon the hearing under the order to show cause. No excuse is presented why they did not then appear, and it does not appear that upon the return of the order to show cause they were at all misled, nor that this order, as entered, in any way prejudiced them.

The order should, therefore, be modified as herein indicated, and as modified, affirmed, without costs of this appeal to either party.

VAN BRUNT, P. J., RUMSEY, BARRETT and O'BRIEN, JJ., concurred.

Order modified as directed in opinion and affirmed as modified, without costs to either party.