(101 App. Div. 110)

## In re LANDMESSER.

(Supreme Court, Appellate Division, Second Department. January 20, 1905.)

1. DEATH OF TRUSTEE—APPOINTMENT OF NEW TRUSTEE.

    Where there is a prima facie showing that a trust was created, that the trustee appointed acted as such, and that such trustee is deceased, a new trustee should be appointed, unless the opposition conclusively disprove the case made by petitioner.

2. SAME—EFFECT OF APPOINTMENT.

    The appointment of a new trustee on the decease of the trustee of an alleged fund will not conclude the representatives of the deceased trustee from showing, in any proceeding brought by the new trustee, that the alleged trust fund was a mere loan to the trustee, and that the debt has been fully paid.

Appeal from Special Term, Kings County.

Petition by Wilhelmina Landmesser for the appointment of a trustee in the place of Waldemar A. Walther, deceased. From an order denying the petition, petitioner appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Richard Krause, for appellant.
Emil J. Villanyi, for respondents.

HOOKER, J. It appears from the moving papers in this case that the husband of the petitioner, in about the year 1866, created a trust in favor of the petitioner, which was for her benefit during her lifetime, and that the trust was unexecuted when the trustee died. The motion to appoint a trustee in the place of the deceased trustee was denied by the learned Special Term. The papers read in opposition to the motion tend to show, first, that a trust was never created, and that the corpus was a mere loan to the trustee; and, second, that the trust fund has been exhausted by actual payment to the beneficiary, the petitioner herein, or that the debt has been paid in full to her. We think, however, that a prima facie showing is made by the papers read in support of the motion that there was in fact a trust created by the husband of the petitioner in or about the year 1866, and that the deceased, Walther, became and acted as the trustee. That he has died, there is no question; and, unless the opposing papers conclusively disprove the case made out by the petitioner, the learned court should have appointed a new trustee. The respondents have presented

to this court an able brief in an effort to demonstrate that there was in fact, and could have been, under the circumstances, no trust created; but, in answer to this, it is sufficient to observe that the mere appointment of a new trustee in place of the deceased, Walther, cannot conclude the respondents. in any proceedings which may be instituted by the appointee, and the mere appointment cannot, in any light, be considered as res adjudicata on the question whether or not, in fact, a trust was actually created. Matter of Carpenter, 131 N. Y. 86, 29 N. E. 1005, was an appeal from an order of the General Term reversing an order of the Special Term appointing a trustee in place of one Pierce, a deceased trustee. In that case Andrews, J., said:

"The petitioner was entitled, under the act (chapter 185 of the Laws of 1882), to have a new trustee appointed in place of George A. Pierce, the deceased trustee, upon a prima facie case being made, not conclusively disproved, showing that the notes, money, and securities in the hands of the administrator of Pierce, referred to in the petition, were either held by Pierce at his decease as trustee for the petitioner, or were in the proceeds of the trust estate. Matter of Waring, 99 N. Y. 114, 1 N. E. 310. The appointment of a new trustee would not conclude the representatives of the estate of Pierce, in any proceeding instituted by the appointee to subject the property in the hands of the administrator of Pierce to the trust, from contesting its existence, or from claiming that the property belonged to the decedent. Moreover, the order of the Special Term was made expressly 'without prejudice to the estate of George A. Pierce, deceased, to contest.'"

Much of the matter alleged in opposing the motion may be susceptible of contradiction in any action or proceeding that the trustee may bring against the respondents. In any event, it is not, in the form presented in opposition to this motion, sufficiently conclusive to disprove what we consider the prima facie case presented by the petitioner; and, under the rule in the Carpenter Case, supra, we are constrained to hold that the learned court at Special Term erred in denying the motion. The order should be reversed, and the proceedings remitted to the Special Term to make an appointment of a new trustee.

Order reversed, with $10 costs and disbursements, and matter remitted to the Special Term for further proceedings. All concur.