### PARKER *et al. v.* ALLEN *et al.*

(*Supreme Court, Special Term, Erie County.* December, 1890.)

1. TRUSTS—RESIGNATION OF TRUSTEE—REVOCATION AND MODIFICATION OF TRUST.
   Trustees will be permitted to resign where disagreements have arisen between them and the grantor in the deed, who is the primary beneficiary under its provisions, disturbing their relations to such an extent as to render them incapable of friendly and cordial co-operation; but the trustees cannot maintain an action for the annulment of the deed.

2. SAME—ANNULMENT—FAILURE TO RESERVE POWER OF REVOCATION.
   A trust created by the grantor to secure her property against its incumbrance or disposition by herself will not be set aside merely because she reserved to herself no power for its revocation.

3. SAME—MODIFICATION.
   The fact that a direction in the trust-deed as to the disposition of the grantor's property after her death was not explained to her, and that she regarded it as a will, subject to modification by a subsequent will, and that the effect of such provision is to disinherit the children of a deceased child, contrary to the grantor's intention, is no ground for setting aside the trust, but the deed will be so modified as to harmonize it with the grantor's intention.

Action by Edward L. Parker and others against Margaret Gertrude Allen and others for liberty to resign as trustees under a deed of trust executed by defendant Allen, for compensation for their services, and for the annulment of the deed.

*Ansley Wilcox,* for plaintiffs. *Adelbert Moot* and *George Wadsworth,* for defendants.

DANIELS, J. The chief objects which the plaintiffs desire to accomplish in this action are liberty to resign their trusts under a deed executed to them by the defendant Margaret Gertrude Allen, and to obtain compensation for their services, and the reimbursement of moneys which they have advanced in the exercise of their authority. A disagreement has arisen between them and the grantor in this deed, who is the primary beneficiary under its provisions, disturbing their relations to such an extent as to render them incapable of friendly and cordial co-operation; and to avoid all further disagreements the trustees should be permitted to resign, and they should be reimbursed out of the income of the trust-estate the moneys advanced by them, and the sum of $1,000 by way of compensation for their services, and in full of their commissions as trustees; and they will also recover their costs in the action.

The trustees have also asked for the annulment or cancellation of the trust-deed, but in that relief they have no interest, and are not entitled to maintain the action to obtain that result.

The grantor in the deed, who is primarily entitled to its benefit, has also by way of counter-claim applied for a judgment to that effect. But it clearly appears from her own evidence, as well as that of Mr. Parker, who drew the deed, that it was desired and intended by it to place her property, through its instrumentality, beyond her own control. She distrusted her ability to resist the influence or importunities of others who might endeavor to overreach her ,and obtain her property from her, and for that reason was anxious to place it beyond her own immediate control; and the creation of a trust having that effect was voluntarily and understandingly accepted by her, and, so far as the deed has been directed to that object, it appears to have conformed to her desire and intention. It is true that she says that she did not intend to place

her property beyond her own control. But at the same time she did intend to create a trust which would, as it has, prevent her from incumbering or disposing of her property; and with that intention in view she could not have anticipated or expected that she would still be at liberty to control her estate. These objects are plainly incompatible, and the latter necessarily yielded to the former, as that was the paramount and controlling intention leading to the creation of the trust. Without the surrender of the future power of incumbrance and disposition the trust would fail of the object, for she would then be left as completely subject to the influence and control of others as if the trust were not created at all. It has been urged that a power of revocation should have been reserved to, or in fact designedly surrendered by, her. But no rule of law or equity positively requires that reservation. It has been often put forth to that effect in decided cases, it is true, but they have been abridged in their effect by later decisions of the courts. In *Garnsey* v. *Mundy*, 24 N. J. Eq. 243, there were other circumstances supporting the conclusion that the person who executed the deed was under a material misapprehension of its effect, and that chiefly led to the setting aside of the instrument. And the same remark is also applicable to the case of *Conkling* v. *Davies*, 14 Abb. N. C. 499. And in *Gibbs* v. *Insurance, etc., Co.*, Id. 1, there were also important circumstances rendering it inequitable to sustain the deed. So there were in *Everitt* v. *Everitt*, L. R. 10 Eq. 405, where the deed was made by a woman who had but recently attained her majority. But in *Phillips* v. *Mullings*, L. R. 7 Ch. App. 244, it was held that a deed making a voluntary settlement of an estate would not be set aside for want of a power reserved in it for its revocation; but it must depend upon circumstances whether such a power should or should not be made a part of it. And the case of *Viney* v. *Abbott*, 109 Mass. 300, is equally as decisive on this subject. In the present case the circumstances do not indicate the propriety of making that power a part of the deed. It would be, on the contrary, inconsistent with the object the deed was intended to attain, which was to secure the property against its disposition or incumbrance by the defendant herself, as she might be in danger of acting to her own injury by the influence others might exert over her. This deed cannot, therefore, be set aside because it contains no power for its revocation. But to sustain it, the law does require that it shall appear to have been explained to and understood by her before she executed it. *Phillips* v. *Mullings, supra; Henshall* v. *Fereday*, 27 Law T. (N. S.) 743, affirmed 29 Law T. (N. S.) 46; *Dutton* v. *Thompson*, 23 Ch. Div. 278. And to the extent already considered, that has been proved to be the fact. But as to the direction which the estate shall take after her decease the evidence does not supply that degree of support to the deed. It was not explained to her that, in the event that her son or daughter died before herself, the entire estate would unqualifiedly go to the survivor of these two children, which would disinherit the children of her deceased child, if any there should be, dying during her own life; and there is not the slightest evidence that she ever intended that possible result. As to this part of the deed it is in conflict with the principle just mentioned. And so it is as to the fact proved by the evidence, that this direction was regarded by her as her will, which, if it had been true, would have rendered her estate subject to her future disposition by a subsequent will. It was also the understanding that she herself should be empowered on 10 days' notice to set aside the trustees nominated in the deed, and select another to act in their place; and that has been wholly omitted from the deed by inadvertence and oversight in the hurry of preparing it. In these respects it cannot be sustained, and might be wholly set aside for failure to secure to her the power to change the final disposition of her estate by a last will. But it is not necessary that it should be, and the exercise of that power should not be made, for the defendant would thereby be exposed to the effect of such influences as she feared, and which it

was her design to guard against, and which it is also the duty of the court to prevent her from being exposed to. The law requires her to be subjected to no such risk, for it permits the deed to be so changed in these respects as to harmonize it with the intention inducing its execution. This subject was considered in *James* v. *Couchman*, 29 Ch. Div. 212, where a power of appointment was added to a deed made to protect the grantor, as this deed was, and the same power over the deed will allow it to be also corrected by adding the omitted authority to remove the trustees, and, with the approval of her selection by the court, appoint another in their place, on 10 days' notice, subject, of course, to the power of the court to appoint, if such a voluntary selection shall not be made within such time as shall be sufficient for that purpose. In these, but in no other respects, the deed should be corrected by giving to this defendant the power to appoint, or dispose of the estate by her last will, or, in default of that disposition, then for its descent to her heirs at law and next of kin, and reserving to her the power to remove any trustee of this estate on 10 days' notice, and within that time appointing another, by executing, acknowledging, and recording an instrument to that effect, but subject to the approval of this court. But in all other respects the trust-deed will be confirmed. Judgment to that effect will be directed, with liberty to apply for any further directions appearing to be proper. The decision will be signed after service of a copy, with notice of settlement on the attorneys for each of the parties.