MARY PARKER BRATER, Respondent, *v.* ANNIE IRENE HOPPER and Others, Appellants.

*Appointment of a new trustee — right to appeal — requests to find — when unnecessary — action against heirs and legatees — when not maintainable.*

There is no power in a court to appoint a new trustee upon the death of a surviving trustee, and it is only in a case where a trustee has resigned or is removed that the statute gives the power to appoint a new trustee.

Any party aggrieved has the right to appeal from a decree, and where the judgment and interlocutory judgment in an action tends to deprive infants of at least a portion of the estate left to them by their mother, in which they have a vested interest, they have a right to appeal therefrom, in order that they should not be unjustly deprived of their rights in such estate.

Where exceptions were duly filed to some of the findings of fact, and to all of the conclusions of law of the court, contained in a report upon which an interlocutory judgment was entered in an action, and such exceptions bring up the question as to the right of the plaintiff to maintain the action, the parties so excepting on an appeal from such judgment have a standing in court, notwithstanding the fact that there have been no requests to find filed on their behalf.

If proceedings are taken against heirs and legatees under a will in order to recover claims against the estate, upon the theory that assets of the estate have been paid or distributed to them, the provisions of the statute governing such actions must be complied with, and it is not sufficient to show that the person against whom such action is brought has in his possession property coming from the estate of the deceased, and that such estate was indebted to the plaintiff.

APPEAL by the defendants, Annie Irene Hopper and others, by their guardian *ad litem*, from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 5th day of August, 1893, upon the decision of the court, after a trial at the New York Special Term, with notice of an intention to bring up for review on such appeal the interlocutory judgment entered in said clerk's office on the 24th day of April, 1893.

*H. F. Andrews*, for the appellants.

*Anderson Price*, for the respondent.

VAN BRUNT, P. J.:

"Impressed with the abstract justice of the plaintiff's demand, and with a conviction in which we all share that somebody is and

should be responsible to her for the restoration of her property," this action seems to have been commenced without any definite idea of how the end sought for was to be obtained, or as to who was to be made to respond.

Upon examination of the findings, as contained in the record, it would seem that no real cause of action is disclosed.

It appears that the plaintiff was the only child of one William T. Devoe, who died in 1872, leaving a will dated the 7th of April, 1872, and which was duly proved in the Surrogate's Court and admitted to probate, and letters testamentary issued thereon to one George F. Hopper, who died in August, 1891. At the time of the death of her father the plaintiff was an infant nine years of age, and one Harriet J. Hopper, the wife of George F. Hopper, was appointed her guardian on or about the 11th of September, 1872, and gave bonds and entered upon her duty as such guardian, and received property belonging to the infant from the estate of her father, amounting to about $5,000. It would seem that at some time subsequent to this period the plaintiff lived with and was supported by the guardian. In 1886 said Harriet J. Hopper died, leaving a will which was duly proved in the Surrogate's Court on the 15th of February, 1886, and letters testamentary thereon issued to the daughter of said Harriet J. Hopper, Lillie P. Reed. By the will of said Harriet J. Hopper, after making some specific bequests, and a devise to her husband during life of a house and lot, she directed that all the rest, residue and remainder of her estate, including the said house and lot after the death of her husband, should be divided into six equal parts, three of which she bequeathed to her said daughter Lillie P. Reed absolutely, and the remaining parts she gave, devised and bequeathed to said Lillie P. Reed in trust to invest and receive the income thereof, and to pay and apply said income of said three shares to the grandchildren of the testatrix, two of whom are the infants whose guardian is appellant herein. There was no proof or evidence that Harriet J. Hopper had ever accounted for the money which she received as guardian of the plaintiff. It further appeared that Lillie P. Reed had died before the commencement of this action, and it was admitted that Addison T. Andrews had been duly appointed testamentary trustee in place of Lillie P. Reed, deceased.

This action was brought setting up these facts, making as parties the descendants of Harriet J. and George F. Hopper, and the general guardian of such as were infants, the executor of George F. Hopper, said Andrews, the so-called testamentary trustee appointed as aforesaid, and also the surviving bondsman upon the bond which Harriet J. Hopper gave as guardian of the plaintiff; and judgment was asked that the children and heirs at law of said George F. and Harriet J. Hopper be compelled to come into court and account thereof and thereto of all the matters in connection with the estate of said Devoe, deceased, and also of any property which may have come into the hands of their deceased parents either as executor or as guardian and testamentary trustee. There was also a general prayer for relief.

Upon what theory the said Andrews is called a testamentary trustee throughout the whole of these proceedings we do not understand. He was not appointed by the will of anybody; but the trust in the will of Mrs. Hopper having devolved upon the Supreme Court upon the death of the trustee named therein, the court, pursuant to the provisions of the Revised Statutes (1 R. S. 730, § 68), could only appoint Andrews as a person to execute the same under its direction, there being no power in the court to appoint a new trustee upon the death of a surviving trustee. It is only in a case where the trustee has resigned or is removed that the statute gives the court power to appoint a new trustee.

Upon the trial the foregoing facts appeared, many of which, however, were not found by the court. It also appeared that subsequent to the commencement of this action said Andrews had received certain surplus moneys arising from a sale of some real estate which had belonged to said Harriet J. Hopper, a mortgage upon which having been foreclosed. An interlocutory judgment was entered stating that it appearing satisfactorily to the court that said Harriet J. Hopper, deceased, as guardian of the plaintiff, died possessed of property belonging to the plaintiff for which she had never rendered an account, and that the defendants or some of them are now liable to account therefor; and it further appearing that it was necessary and proper that an accounting should be had of the estate and property of the plaintiff which came into the hands of Harriet J. Hopper, deceased, it was ordered, adjudged and decreed

that it should be referred to a referee to take and state the account
of Harriet J. Hopper, deceased, as guardian for the plaintiff; and
that he should report with all convenient speed the amount received
by said guardian, and the amount of moneys which could be reason-
ably and properly allowed to said guardian, for the support, main-
tenance and education of said infant from the time of her
appointment as guardian down to the majority of said infant, and
stating the balance with which she could be charged at the time
of the majority of said infant, and at the time of the decease
of said Harriet J. Hopper; and further, that on the coming
in and confirmation of said report application might be made
on due notice for final judgment. The referee duly proceeded
under his appointment, and found that a certain sum should be
allowed for the support, maintenance and education of the infant by
her guardian, and that there was due from said guardian at the time
of her decease the sum of $4,405.67. Upon the coming in of said
report a final judgment was entered, which adjudged and decreed
that the plaintiff have judgment against the defendant Andrews as
testamentary trustee under the will of said Harriet J. Hopper,
deceased, for the sum of $4,405.67, together with interest thereon
from January 2, 1886, making $6,394.98, and together with certain
costs; and further, that the plaintiff have execution therefor against
said Andrews as testamentary trustee, and against the property and
estate of Harriet J. Hopper, deceased. And from the judgment
and the interlocutory judgment above mentioned, the guardian of
the infant defendants has duly appealed.

It is urged upon the part of the plaintiff that the appeal should be
dismissed for the reason that the judgment is not against them, but
against the testamentary trustee of the estate of their mother; and
furthermore, because it appears that the testamentary trustee has in
hand surplus moneys derived from the sale of land belonging to the
deceased guardian, and the burden is upon such trustee to show that
she or he have parted with it in the course of due administration of
the estate, and until it has been so shown the same must be held to
answer for all just demands and claims thereon, and not until those
are satisfied can an heir be considered to have an interest in the estate
or right to distribution under the terms of the will.

Any party aggrieved has a right to appeal from a decree, and as

the judgment and interlocutory judgment in this case tend to deprive these infants of at least a portion of the estate left to them by their mother, in which they have a vested interest, their right to maintain this appeal, in order that they should not be so deprived unjustly, hardly needs argument.

It is further claimed that there having been no requests to find, made on behalf of the infants, they have, therefore, no standing in court. Exceptions were duly filed to some of the findings of fact, and to all of the conclusions of law of the court upon the entry of the interlocutory judgment; those exceptions clearly bring up the question as to the right to maintain this action.

We have examined in vain to find any theory upon which this action can possibly be maintained. It was assumed by the judge before whom this case was tried that the personal representatives of the deceased guardian were before the court in this action, and that as the surrogate, by section 2606 of the Code, has the right to call such personal representatives to an account in regard to the trust estate, so has a court of equity. But the difficulty is in the assumption which has been indulged in. This so-called testamentary trustee in no manner represented the estate of the deceased guardian. He was not appointed an executor, with the will annexed, which would have been necessary in order that he should represent the estate of the deceased guardian. All that he did represent was that portion of the estate which belonged to these infants, and there is certainly no justice in taking the whole amount of this claim out of the infants' pockets, when the persons who got the other half of the guardian's estate are allowed to escape free, in defiance of the express provisions of section 1839 of the Code, which provides that such recovery must be apportioned.

Now, it is a very familiar principle that if proceedings are to be taken against heirs and legatees of a will in order to recover claims against the estate, upon the theory that assets of the estate have been paid or distributed to them, the provisions of the statute governing such actions must be complied with. In the case at bar there does not seem to have been the slightest attempt to comply with any such provisions. It seems to have been supposed that it was sufficient to show that somebody had in his possession certain property coming from the estate of the deceased guardian, and that such guardian's

estate was indebted to the plaintiff, and a recovery could be had. This idea is absolutely in contravention of the requirements of the Code in regard to the maintenance of actions against heirs and legatees to recover debts of the decedent.

It has not been thought necessary in the disposition of this case to discuss the main question as to whether, under circumstances such as were disclosed upon this trial, the plaintiff can have a preference over other creditors, if any existed, or whether the surplus money is to be considered as personal property or real estate, the discussion of such questions not being necessary to the decision.

The judgments appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

FOLLETT and PARKER, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.