fund, and to prevent wasteful and extravagant raids thereon. It is evident, therefore, that this complaint states a cause of action.

The interlocutory judgment should therefore be affirmed, with costs, and leave given to the defendants to withdraw the demurrer and answer within 20 days, on the payment of costs in this court and in the court below. All concur.

---

(70 App. Div. 321.)

## In re WOOD'S ESTATE.

(Supreme Court, Appellate Division, Third Department. March 5, 1902.)

**1. EXECUTORS AND ADMINISTRATORS—SALE OF REALTY—SETTING ASIDE.**

An executor's sale of realty was made under a decree reciting the appointment of a special guardian for a minor, and that, no one appearing in opposition, it was established that the petitioner had complied with the statute concerning the disposition of a decedent's property for the payment of debts and funeral expenses; that the proceedings were in conformity with Code Civ. Proc. c. 18, tit. 5; and that the property was not effectually devised or expressly charged with the payment of debts and funeral expenses. *Held,* that the sale would not be set aside, on petition of the minor, after reaching his majority, as irregular, without authority, and unwarranted, and without proceedings for his protection, and that the executor was interested, the sale having been in good faith, after a determined effort to obtain a larger price; the petitioner having no apparent interest in the result of a resale, and the unpaid creditors being satisfied with the sale as made.

**2. SAME—CONCLUSIVENESS OF DECREE—INFANTS.**

An infant is bound by a decree where the court has jurisdiction of his person, and a special guardian has been duly appointed for the protection of his interest.

**3. SAME.**

Code Civ. Proc. § 2481, relating to the incidental powers of the surrogate, and empowering him to set aside a decree or grant a new hearing for fraud, newly-discovered evidence, clerical error, or other sufficient cause, in the same manner as a court of record and of general jurisdiction, is not applicable to a motion made in 1900 by a minor then reaching his majority, to set aside a decree in 1898 for the sale of realty on the ground that it was irregular, unwarranted, and without proper proceedings for his protection.

Appeal from surrogate's court, Montgomery county.

Proceedings in the matter of the realty of Charles J. Wood, deceased. From an order of the surrogate setting aside an executor's sale of the realty of deceased, together with the orders and decrees directing and confirming such sale, Mary Q. Polhamus and James F. Polhamus appeal. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Henry V. Borst, for appellant Mary Q. Polhamus.
S. W. Putnam, for appellant James F. Polhamus.
George M. Albot, for respondent.

CHASE, J. On the 15th day of February, 1896, Charles J. Wood died, leaving a last will and testament, dated the 5th day of February, 1896, by which he gave all his real estate and personal property to Harry C. Wood, and therein provided: "Said Harry C. Wood is to pay

out of said real estate all my just debts, and also to pay Katy Adams and Amey Wood one hundred dollars·($100) apiece." The last clause of the will is as follows: "I appoint James F. Polhamus and John V. Putnam executors hereof, and empower them to sell all or any real estate of which I may die seised." The testator did not leave a widow, but left three children, Katy Adams, Amey Wood, and Harry C. Wood, his only next of kin and heirs at law. Amey Wood and Harry C. Wood were minors, the said Harry C. Wood being at the time of his father's death in the seventeenth year of his age. The testator died the owner of an unincumbered piece of real estate, but without personal property, other than such as was thereafter set apart by appraisers to the minor children, in accordance with the provisions of the Code of Civil Procedure. The testator owed debts amounting to about the sum of $700, and his funeral expenses amounted to about $50. Said will was admitted to probate on the 2d day of March, 1896. Said John V. Putnam did not qualify as an executor. Said James F. Polhamus refused for some time to qualify as executor, but did not file a renunciation, and in November, after the probate of said will, an order was served upon him, requiring him to qualify as an executor or be deemed to have renounced, and thereafter, at the request of the persons interested, he duly qualified, and letters testamentary were issued to him. Said Harry C. Wood refused to accept the property and pay the debts and legacies as in and by said will provided. There was a great difference of opinion among the persons interested in the real estate of said testator as to the value thereof. The creditors threatened to institute proceedings for the sale of the real estate. The executor was wholly unable to find a purchaser for the property at a sum sufficient to pay the debts or at any sum whatever. A petition was duly presented to the surrogate's court substantially complying with section 2752 of the Code of Civil Procedure, praying for a decree directing the disposition of the decedent's real property, and a citation was duly issued and served upon all persons interested in said real estate as legatees and devisees, and upon all creditors of the decedent. On the return day of said citation an attorney at law was duly appointed special guardian for said infants for the purpose of protecting their interests in said proceeding. Such proceedings were thereupon had that on the 31st day of January, 1898, a decree was made reciting the appointment of said special guardian, and that "he having duly appeared as such special guardian," and "no one appearing in opposition, such proceedings were thereupon had * * * that the surrogate, after hearing all of the proofs and allegations of the parties, and after due examination so as aforesaid had, it being established to the satisfaction of the surrogate (1) that the petitioner has fully complied with the requisite provisions of the statutes concerning the disposition of a decedent's real property for the payment of his debts and funeral expenses, and that the proceedings herein have been in conformity to title 5 of chapter 18 of the Code of Civil Procedure; * * * (4) that the property hereinafter described was not effectually devised or expressly charged with the payment of · debts and funeral expenses;" and directing a sale of said real property as provided by statute. Thereafter the property was duly advertised

for sale, and on the day so advertised the highest bid obtained for the property was $300. The executor refused to sell the property at that price, and the sale was adjourned for two weeks, at which time the highest bid obtained for the property was $325. The executor refused to sell the property at that price, and the sale was again adjourned for one week, at which time, April 23, 1898, the highest bid obtained for the property was $375, at which price it was sold to one Vernon Newkirk, who had married the minor, Amey Wood. The sale so made was duly confirmed, and the deed wes delivered and consideration paid. Subsequently, from the net proceeds of the property, the funeral expenses were paid, and the balance divided pro rata among the creditors of said testator, in accordance with a final decree for distribution made by the surrogate's court, and dated July 25, 1898. Harry C. Wood became 21 years of age on the 2d day of November, 1900, and in January thereafter he made a motion in said surrogate's court to have said proceedings, orders, and decrees, and the sale thereunder, set aside, on the ground that the decree was irregular, without authority, and unwarranted by law, and that no proper proceedings were taken to protect the interest of said Harry C. Wood, and also on the ground that the sale and order confirming the same were void, for the reason that the executor became interested in said sale before the order of confirmation. The surrogate's court, on the 19th day of January, 1901, made an order setting aside said proceedings, orders, and decrees, and the sale thereunder, from which order this appeal is taken. The creditors of the intestate accepted their respective pro rata shares in the net proceeds of sale. They were apparently satisfied with the action of the executor, and are in no way parties to the proceedings to set aside said sale.

Harry C. Wood, the present petitioner, although the devisee under the will of his father, has no apparent beneficial interest in the property. The surrogate's court had unquestioned jurisdiction of all persons interested in the property, and the petition by which the proceeding was commenced substantially complied with the section of the Code relating thereto. It is apparent from section 2759 of the Code of Civil Procedure that a decree can be made notwithstanding the property was effectually devised expressly charged with the payment of debts and funeral expenses, or is subject to a valid power of sale for the payment thereof, if it is not practicable to enforce the charge or to execute the power, and the creditor has effectually relinquished the same. An infant is bound by a decree, where the court has jurisdiction of his person, and a special guardian has been duly appointed for the protection of his interest, as much as if he were an adult. In re Hawley, 100 N. Y. 206, 3 N. E. 68.

Section 2481 of the Code of Civil Procedure is not applicable to this case. It is said in Re Hawley, supra:

"The due enjoyment of property rights, and the repose of titles which that enjoyment requires, renders it necessary that the adjudications of legal tribunals upon which rights to a large extent rest should not be lightly disturbed or arbitrarily set aside and vacated, after long lapse of time, for errors which should have been discovered and remedied at the time of their perpetration. Some excuse must be shown by a party why he has not availed himself of the right of review provided by the statute, and the

character of such excuse is described in section 2481. That section very clearly defines the nature and characteristics of the proof necessary to authorize a proceeding thereunder, and by its expression of the circumstances under which such an application can be made very clearly implies that it cannot be successfully maintained upon other grounds."

Certainly a decree affecting the title to real estate should not be disturbed on grounds other than those stated in section 2481, unless it be entire lack of jurisdiction in the court.

There is nothing in the record before us showing what evidence was before the surrogate's court on which it based the recitals in the decree, as hereinbefore quoted. It is unnecessary to suggest what course this court would pursue in case of an appeal from a decree like the one made herein after a contest in surrogate's court, or even what course would have been pursued by this court had an application been made herein before other important equities had intervened. We are convinced that the sale herein was made in good faith, after a determined effort to obtain a purchaser at as large a price as possible, and the grantee from the person to whom the deed was executed, in accordance with the order of confirmation, has since expended in improvements on the property more than the original purchase price thereof. No good purpose can be subserved by setting aside the proceedings and sale thereunder, and much apparent harm would come therefrom. In view of the peculiar circumstances of this case, including the fact that the petitioner has no apparent interest in the result of a resale, if made by the executor without the aid of the proceeding, and the further fact that the unpaid creditors are apparently satisfied with the sale as made, we think that the surrogate erred in setting aside the proceedings and the sale thereunder, and the order appealed from should be reversed.

Order reversed, with $10 costs and disbursements. All concur.