(97 App. Div. 530.)

### In re GUEUTAL.

(Supreme Court, Appellate Division, First Department. November 1, 1904.)

1. TRUSTS—DEATH OF TRUSTEE—APPOINTMENT OF AGENT OF COURT.
   On death of a trustee, whereby the trust devolves on the court, it appoints, not a substituted trustee, but some one as its representative to execute the trust under its direction.

2. SAME—DETERMINING VALIDITY.
   Where a trustee dies after partial execution of the trust, the validity of the trust should not be decided on motion to appoint an agent of the court to execute the trust under its direction.

Appeal from Special Term, New York County.

In the matter of the application of George Gueutal for appointment of a successor for a deceased trustee. From an order of appointment, certain persons appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Hamilton R. Squier, for appellants.
I. Newton Williams, for petitioners respondents.
James C. De La Mare, for respondent Huston.

PATTERSON, J. This appeal is from an order which purports to grant an application for the appointment of a "substituted trustee" in the place of a deceased trustee, who, it is claimed, received a conveyance of real estate from one George Gueutal in the year 1880. The trustee entered into possession of the premises conveyed to her by that deed. Simultaneously with the receipt of the deed, she executed a declaration of trust in which she states that she would continue to hold the premises in trust for the use and benefit of the estate of one Catherine Gueutal, and also for the use and benefit of two other persons and herself, and for their respective representatives, heirs, executors, and administrators. The interests of the several parties in the property are then set forth in the declaration of trust, which was placed on record. Louise Gueutal, the trustee, received the rents of the premises down to the time of her death, and paid over some portion thereof to one of the declared beneficiaries. Upon application to the Supreme Court, the order appealed from was made,

¶ 1. See Trusts, vol. 47, Cent. Dig. § 222.

which directs that "the said Edward J. McGuire be, and he hereby is, appointed such substituted trustee to act with the authority and under the direction of this court to complete the duties connected with the execution of said trust, as set forth in said deed and declaration of trust." It is further ordered "that this order shall not be considered as in any way adjudicating upon the validity of the said alleged trust," etc.

The order is not in proper form. There is no authority in the statute for appointing a "substituted trustee" by that name. In such a case as this, the trust, if any, has devolved upon the court, and it has power to appoint some one as its hand and representative to execute the unexecuted parts of a trust, with all the powers and duties of the original trustee, but under the direction of the court. An order entered upon an application such as this should follow the terms of the statute. Brater v. Hopper, 77 Hun, 244, 28 N. Y. Supp. 472; Wetmore v. Wetmore, 44 App. Div. 52, 60 N. Y. Supp. 437. The objection urged in the court below to granting the present order is that it is shown from the deed and the declaration of trust made by Louise Gueutal that nothing but a passive trust was created, and hence there is in reality no valid trust. We think, however, that the subject of the validity of a trust should not be decided on a motion of this character. In re Waring, 99 N. Y. 114, 1 N. E. 310. There is an apparent trust, which has been partially executed. It may be invalid, but, in the exercise of due caution, the question of its validity should be determined in an action in which some one charged with the duty of representing those claiming to be beneficiaries of the estate may be heard. By the order from which this appeal is taken, no adjudication of the validity of the trust has been made, but that order expressly provides that it shall not be construed as in any way determining the validity of the alleged trust.

The order should be modified as suggested, and as modified affirmed, without costs to either party of this appeal. All concur.