(98 App. Div. 171)

### In re MAYNE.

(Supreme Court, Appellate Division, First Department. November 25, 1904.)

1. WILLS—TRUSTS—TRUSTEES—APPOINTMENT.

Where testator created several trusts, one of which was in favor of petitioner, and, after some of the trust provisions had apparently ripened into absolute estates in favor of other cestuis que trust, they and the trustee not only denied petitioner's rights under the will, but, without notice to her, had distributed the whole estate, the trust having devolved on the court by the death of the original trustee, petitioner was entitled to the appointment of a person to execute the trust in her favor, under the court's directions, prior to a determination of the validity of the trust in petitioner's favor.

2. SAME—ORDER—MODIFICATION.

Where petitioner was entitled to the appointment of a trustee to execute a trust in her favor, but some of the trust provisions in the will had apparently ripened into absolute estates in favor of other cestuis que trust, an order appointing a trustee to administer all the trusts provided for in the will should be modified by appointing a trustee to execute, under the directions of the court, whatever trusts existed in favor of petitioner.

Appeal from Special Term.

Petition by Jane Mayne for the appointment of a trustee under the will of Henry R. Dunham, deceased. From an order appointing a trustee to execute the trusts under the will, Rebecca S. Mills and others appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

William B. Ellison, for appellants.
Thomas B. Browning, for respondent.

HATCH, J. The petitioner, Jane Mayne, is a legatee under the will of Henry R. Dunham, deceased, and claims that thereunder a trust was created for her benefit, which has not been fully executed. It appeared that Dunham died January 11, 1874. His will was admitted to probate by the surrogate of Queens county on the 9th day of Febru-

ary, 1874, and letters testamentary were thereupon duly issued to all of the persons named as executors in the will. By the eleventh clause the testator bequeathed to trustees the sum of $4,000 out of his personal estate, to be kept by them invested, and to pay over the interest thereon to his sister Hannah Matilda Kempton during her natural life, and upon her death the same to fall in and form a part of his residuary, estate, to be disposed of as thereinafter provided. By the twelfth clause he bequeathed to the trustees the sum of $4,000, to be kept by them invested, and to pay over the interest to the petitioner, Jane Mayne, during her natural life, so long as she remained a resident of the United States, and, upon her death or removal from the United States, such trust fund to fall in and become a part of the testator's residuary estate, to be disposed of as thereinafter provided. By the thirteenth clause all of the residuum of testator's personal property was bequeathed to his trustees, to be by them divided into two equal parts. One part he directed to be invested by the trustees, they to pay over the income to his son Henry R. Dunham, Jr., during his natural life, and after his death to pay over the principal to his surviving children, and to the descendants of any deceased child, in such manner that each child should take one equal portion, and the descendants of each child should take the share the parent would take if living. The other part of his residuary estate was disposed of in a similar manner to his daughter Rebecca S. Mills and to her descendants. The fourteenth clause provides as follows:

"I wish it to be distinctly understood that if before the time of the death of Jane Mayne, or her ceasing to be a resident of the United States, and the death of my sister, Hannah Matilda Kempton, or either of them, my said son or daughter shall be deceased, that then the said sum of Four thousand ($4,000) dollars, which, on the death of said Hannah Matilda Kempton, or the death or removal from the United States of Jane Mayne was to become part of my residuary personal estate, shall be divided into two equal parts, one of which is to be given to the descendants of such one of my children as shall be deceased, and the other part to be kept invested for the benefit of such child as may be living and his or her children in the same manner as is provided in the foregoing clause of this my will."

The particular question which may be ultimately determined in the controversy which has arisen between the parties in interest under the will involves the proper construction of the fourteenth clause in connection with the trust provisions contained in the eleventh and twelfth clauses. The bequests to Hannah Matilda Kempton and Jane Mayne were invested by the trustees as directed by the provisions of the will. Jane Mayne is still living, and has always continuously resided in the United States. Hannah Matilda Kempton died in 1882, and Henry R. Dunham, Jr., died in June, 1900, leaving two daughters. The trustees paid to Jane Mayne interest semiannually upon the sum of $4,000 from the date of the creation of the trust until the 10th day of July, 1900, from which time she has received no interest. In December, 1900, William Henry Mills, then the sole surviving trustee, died. A short time prior to his death he filed his account in the Surrogate's Court of Queens County, by which it appeared that he then had in his hands of the trust funds $35,500. That proceeding was discontinued before a decree was entered therein. The testator's daughter Rebecca S. Mills is still

living, and has three children, all of whom are made parties to this proceeding. In May, 1901, upon a petition of Mary A. Beckel, as committee, etc., of Mary M. Dunham, one of the children of Henry R. Dunham, Jr., and on notice to the petitioner, Jane Mayne, and all others interested, this court, at Special Term, appointed Franklin Bartlett trustee to execute the trusts under the will. Bartlett declined to serve as such trustee, and in June, 1901, an order was entered on behalf of the appellants herein, without notice to Jane Mayne, vacating the appointment of Bartlett and dismissing the proceedings. On July 13, 1901, at a Special Term of the Supreme Court held in Queens county, on the petition of William H. Ebitt, one of the children of Rebecca S. Mills, an order was entered by consent appointing Rebecca S. Mills as trustee without bond to execute the trusts under the will, and immediately thereafter the trust property was divided by the trustee among the children of Rebecca S. Mills. This appointment was made and distribution of the estate had thereunder without notice to and without the knowledge of the petitioner, Jane Mayne. In May, 1904, this proceeding was instituted, resulting in the order appealed from.

The appellants contend that the trust created for the benefit of Jane Mayne terminated, by virtue of the provisions of the fourteenth clause of the will, upon the death of Henry R. Dunham, Jr., and that the petitioner is therefore no longer interested in the estate, and that there exists no basis upon which to found the right to appoint a trustee for her benefit. There is much force in the contention of the respondent that the fourteenth clause of the will did not cut down or defeat the trust estate created in favor of Jane Mayne by the twelfth clause. In Thornhill v. Hall, 2 Clark & Fin. 22, it was laid down as a rule of construction, admitting of no exception, that, where an estate is given in one part of a written instrument "in clear and decisive terms, such estate cannot be taken away or cut down upon the extent or meaning or application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving that estate." This is the language of the Court of Appeals in confirmation of the rule announced by the Lord Chancellor in the case cited. Roseboom v. Roseboom, 81 N. Y. 356; Banzer v. Banzer, 156 N. Y. 429, 51 N. E. 291.

It is quite probable that the language of the fourteenth clause of the will does not evidence an intention upon the part of the testator to destroy the trust created in favor of Jane Mayne by any event or contingency except death or her removal from the United States, neither of which contingencies have yet happened. But whatever be the proper construction of these provisions of the will is not presently of consequence. It is evident that the interest of the petitioner has no substantial representation in the trustee who has been appointed to execute the trusts contained in the will. The trustee and the cestuis que trustent not only deny any right or interest resting in Jane Mayne, but they have, in defiance of whatever right of which she may be possessed, and without notice to her, distributed the whole of the trust estate, by dividing it among the children of the trustee. It is therefore necessary for the protection of the interest of the petitioner, whatever it may be—the trust having devolved upon the court—that a person

be appointed by this court to execute the trust in her favor under the direction of the court. In reaching this conclusion, the court will not stop to inquire whether there be a valid trust provision or not. That question can be settled when it is sought to execute and enforce the trust provision. Matter of Gueutal (decided at this term of court; not yet officially reported) 90 N. Y. Supp. 138. The order in the present case, however, appoints a trustee to administer upon all of the trusts provided for in the will, and in this respect it unnecessarily complicates the situation. The trust provisions which have now apparently ripened into absolute estates in favor of the other cestuis que trustent do not need any trustee for their execution, beyond the one already appointed and acting. Such trustee seems at least to have fully protected all of the interests save that of Jane Mayne, and no trust has devolved upon the court which should be executed for their benefit. The order appointing the trustee in the present proceeding should therefore be modified by appointing a person to execute, under the direction of the court, the trust, whatever it may be, in favor of the petitioner; and thus her rights, if any, will be fully and completely protected.

The order should therefore be modified in this respect, and, as modified, affirmed, without costs of this appeal. All concur.