SAMUEL KAUFMAN, Plaintiff, v. WILLIAM H. WADE, Defendant.

Supreme Court, Queens County, October, 1923.

Real property — breach of warranty — deed warranting expiration of lease of tenant on day certain — lease contained renewal option extending term — when motion to set aside verdict will be denied.

A grantor in a deed of conveyance made in 1919 warranted that the lease of the tenant of a store in the premises would by its terms expire on May 1, 1920, but by the tenant's exercise of an option for renewal contained in the lease it was extended to May 1, 1923. A motion to set aside a verdict in favor of plaintiff, the grantee, in an action brought to recover damages for breach of said warranty having been made upon the ground that the cause of action was vested in the present owner of the premises under a conveyance thereof made by plaintiff in July, 1923, and it being urged that by section 245 of the Real Property Law the plaintiff was foreclosed from bringing the action, the court received as a part of plaintiff's case an instrument signed by his said grantee in which he acknowledged the justness of plaintiff's claim and formally yielded all title to the verdict. *Held,* that as he was the only person who could be harmed by the verdict, defendant's motion to set the same aside will be denied.

MOTION to set aside verdict of jury in favor of plaintiff.

*Charles L. Hoffman (Henry R. Friedman,* of counsel), for plaintiff.

*Henry Vollmer, Jr.,* for defendant.

DIKE, J. A jury rendered a verdict in favor of this plaintiff and against the defendant on October 4, 1923, for $1,250, being damages sustained by plaintiff by reason of the fact that the defendant in conveying to the plaintiff certain premises in Jamaica avenue, Richmond Hill, in 1919, warranted that the lease of a tenant of the store in the same premises by its terms would expire on May 1, 1920, when as a matter of fact the said lease contained options for renewals thereof, which the said tenant exercised, thereby extending the term of the lease to May 1, 1923. At the conclusion of the trial and after the rendition of the verdict the counsel for the defendant moved to set aside the verdict upon the ground that the plaintiff conveyed said premises after the expiration of the tenancy above mentioned, the said conveyance being dated on or about July 25, 1923, and that by virtue of the conveyance the cause of action of the plaintiff vested in the grantee. The defendant urges that the

plaintiff has lost his right to proceed with this action, having conveyed any right that he may have for damages by reason of the warranty in his deed to his grantee, and urges that the plaintiff is foreclosed by the provisions of the Real Property Law, section 245: " Estate which passes by grant or devise — A grant or devise of real property passes all the estate or interest of the grantor or testator unless the intent to pass a less estate or interest appears by the express terms of such grant or devise or by a necessary implication therefrom," etc., the contention of the defendant being that any right of action such as the plaintiff now claims would have passed through conveyance that he made to his grantee and that the plaintiff was not the owner of the claim at the time of the trial and that, therefore, the verdict should be set aside and the complaint dismissed. To meet this situation the plaintiff has asked this court on this motion for leave to submit a certain instrument which may be used on the defendant's motion to set aside this jury's verdict and to oppose said motion of the defendant. The instrument now sought to be interposed at the conclusion of the trial is a certain agreement entered into between this plaintiff and his grantee, and therein sets forth that all the proceeds of this action and the claim included therein should belong to and be deemed the property of this plaintiff, the purchaser releasing and relinquishing to the plaintiff herein all claim to the proceeds of this verdict. That instrument is dated the 6th day of October, 1923, and subsequent to the close of the trial. This plaintiff prosecuting the action after transferring his interest by the warranty deed of conveyance above mentioned could have been held as a trustee for the benefit of his grantee, and it becomes of interest to inquire who could be hurt by this situation. The grantee under plaintiff's deed of conveyance by the instrument now sought to be interposed formally yields all title to this verdict. The only person who could be harmed is the grantee, and he has signed an instrument acknowledging the justness of the plaintiff's claim in the instant case. One of the leading cases in this state is *Sheridan* v. *Mayor*, 68 N. Y. 30. On page 32 the court said: "A plaintiff is the real party in interest under the Code, if he has a valid transfer as against the assignor, and holds the legal title to the demand. The defendant has no legal interest to inquire further. A payment to, or recovery by, an assignee occupying this position is a protection to the defendant against any claim that can be made by the assignor." Should the grantee under the deed ever seek to urge the claim in the instant action against the defendant herein he would be out of court by the instrument made by him and now sought to be interposed by the plaintiff in the

instant case. I, therefore, permit the reception of the instrument as a part of the case and deny the motion to set aside the jury's verdict.

Ordered accordingly.