MONROE W. HILL, Plaintiff, *v.* MYRTLE R. HILL and Others, Defendants.

In the Matter of the Judicial Settlement of the First Intermediate Accounts of PEOPLES TRUST COMPANY OF BINGHAMTON, Petitioner, as Trustee under a Judgment in the Above-Entitled Action Dated August 5, 1920.

Supreme Court, Broome County, December 19, 1924.

**Trusts — intermediate accounting by trustee in special proceeding instituted by it in Supreme Court — trust was established by judgment entered upon stipulation in action — Supreme Court has jurisdiction of subject-matter — court acquired jurisdiction of parties by service of order to show cause in same manner as service of summons — court should entertain jurisdiction of this special proceeding.**

The Supreme Court has jurisdiction of the subject-matter involved in a special proceeding instituted by a trustee of personal property for an intermediate accounting by it where the trust was established by a judgment entered upon the stipulation of the parties in an action, which judgment provided that the court might enter any further order necessary for the better carrying out of the plans and purposes of the settlement.

The court acquired jurisdiction of the parties to this special proceeding, under section 218 of the Civil Practice Act and rule 21 of the Rules of Civil Practice, by the service of an order to show cause in the manner provided for the personal service of a summons in an action.

The court having jurisdiction of the subject-matter and having acquired jurisdiction of the parties should retain jurisdiction of this special proceeding since it is more summary than an action, is less cumbersome, and permits the granting of relief without the delays which are usually incident to the prosecution of an action.

JUDICIAL settlement of first intermediate accounts of trustee under an express trust.

*Keenan, Brink & Harrison,* for the petitioner.

*G. Mead Willsey,* special guardian for Raymond Hill and Kenneth C. Hill, infants, defendants.

*Herman F. Nehlsen,* special guardian for Franklin Monroe Hill, an infant, defendant.

RHODES, J.:

The petitioner herein seeks a judicial settlement of its intermediate accounts. This proceeding was commenced by the filing of a petition and the issuance of an order to show cause based thereon, directed to the parties in interest, requiring them to show cause why such accounts should not be judicially settled. The petition was accompanied by a verified account presented and filed therewith. The application would be entertained and the relief sought would be granted as a matter of course, were it not for an opinion which has been called to my attention, *Matter of Empire Trust Co.* (123 Misc. 673), wherein an application to settle the accounts of a trustee upon the termination of an express trust was presented to the court by petition. The appointment of the trustee in that case was made pursuant to section 20 of the Personal Property Law, and the application was denied upon the ground that the relief asked for was that which would be obtained in an action for judicial settlement of the account; that as there is no statutory authority for such a special proceeding in this court, there is no requirement that the court should exercise its inherent power, if any, to entertain the application when instituted by petition in a special proceeding. The court there concluded that the provisions of the Civil Practice Act relating to the bringing and the conducting of actions govern the judicial settlement of a trustee's account in this court, and that the entertainment of a motion for such relief by a special proceeding is irregular and would be an unnecessary and an unauthorized usurpation of authority. There is, perhaps, this distinction to be observed between that case and the case at bar: In the case cited the application was made upon the termination of the trust. Here the application is sought during the continuance of the trust and as an incident to its administration. In the case at bar it appears that some time prior to

August 5, 1920, one Monroe W. Hill commenced an action in the Supreme Court against several defendants, including his wife and infant children, to set aside certain transfers of property claimed to have been fraudulent. As the result of the action it was stipulated in writing between the interested parties and their attorneys that a judgment might be entered which should be in accordance with the terms of said stipulation. Thereupon a judgment was granted in said action on the 5th day of August, 1920, embodying the terms of said stipulation, providing that said action be compromised and settled; that the Peoples Trust Company of Binghamton, the petitioner herein, be made a trustee of the property specified " and to pay and dispose of the same for the benefit of the parties " as follows: (a) To pay certain specified indebtedness of said Monroe W. Hill and Myrtle R. Hill jointly and severally, etc.; (b) to pay to said Monroe W. Hill during his lifetime the sum of fifty dollars per month, etc.; (c) to pay to said Myrtle R. Hill during her lifetime the sum of fifty dollars per month, etc.; (d) to pay to Myrtle R. Hill for the care, support and education and maintenance, collectively and severally, the sum of fifteen dollars per month each month for each of the infants under the age of eighteen years, etc.; (e) upon the death of the survivor of said Monroe W. Hill and Myrtle R. Hill, to pay all the rest, residue and remainder of said trust fund, whether principal or interest, to the said infant defendants equally, share and share alike, etc.

The stipulation pursuant to which the judgment was entered, contained, among other things, the following provision: " It is expressly understood and agreed that the court may and shall enter judgment according to the stipulations of this agreement and shall make and enter any further order from time to time for the better carrying out of the plans and purposes of this settlement * * *."

It is unnecessary to set forth in detail the provisions of the stipulations and judgment, for the question here involved is whether or not this court has jurisdiction of the subject-matter and of the parties, and whether such jurisdiction should be exercised. The petitioner herein is the trustee of an express trust of property, all of which has been converted into personalty pursuant to the terms of said stipulations and judgment. Unquestionably this court has jurisdiction of the subject-matter. Having jurisdiction of the subject-matter, has the court acquired jurisdiction of the parties by this special proceeding? Special proceedings in many different forms have been instituted and carried through the courts without express statutory authority therefor, and without disapproval by the appellate courts. As has been stated, this proceeding has been commenced by the filing of a petition and the

issuance and service of an order to show cause based upon such petition. By the service of an order to show cause upon the parties herein, did the court acquire jurisdiction of such parties? This is a special proceeding. (See *Matter of Holden,* 126 N. Y. 589; *Matter of Simpson,* 26 Hun, 459; Civ. Prac. Act, § 5.) A civil action is commenced by the service of a summons which is a mandate of the court. (Civ. Prac. Act, § 218.) "The provisions of the statutes and rules relating to the mode of personal service of a summons shall apply to the service of any process or other paper whereby a proceeding is begun in a court, * * *. Other papers in a proceeding shall be served in like manner as in an action." (Rules Civ. Prac. rule 21.) Service upon the various parties herein has been made in the manner provided for the personal service of a summons. The court, therefore, has acquired jurisdiction of the parties. This being so, there remains simply the question as to whether or not the court should assume jurisdiction and entertain this proceeding.

In *Matter of Holden (supra)* a proceeding was instituted by the trustee of a trust for leave to resign and to procure the appointment of a new trustee. The Court of Appeals held it to be a special proceeding, and it appears that in said proceeding the petitioner presented its accounts for judicial settlement. No question was raised as to the jurisdiction of the court either over the parties or the subject-matter involved.

In *Matter of Runk* (200 N Y. 447) appears a very excellent discussion of the general jurisdiction exercised formerly by the Court of Chancery and by Surrogates' Courts over accountings of trustees. In the opinion by WERNER, J., it is said: "By degrees it was discovered that the general jurisdiction exercised by the Court of Chancery furnished a much more effective and expeditious remedy than was to be found in the Prerogative Court, and accounts in the Court of Chancery increased until the common-law courts were but rarely resorted to. *But this practice of accounting in equity overreached itself* and in time demonstrated the necessity of establishing local tribunals with an independent jurisdiction in matters relating to the succession of estates." The court further said: "The Real Property Law and the Personal Property Law (§§ 111 and 20) confer no new jurisdiction upon the Supreme Court, and the sections of the Code of Civil Procedure (§§ 2802–2820) take nothing from it. *The Supreme Court, as the successor of the Court of Chancery, has always had, and still has, jurisdiction over all classes of trusts.* The question is not whether that jurisdiction exists, but whether it is exclusive. Unquestionably it is exclusive in so far as it involves the exercise of equitable powers or duties

which have not been given to Surrogates' Courts. The Constitution has perpetuated the ancient equity powers of the Court of Chancery in and through the Supreme Court, but it has also given to the Legislature the right to invest Surrogates' Courts with such jurisdiction as may be deemed wise or expedient (Art. 6, § 15). The powers thus delegated to the Surrogates' Courts do not deprive the Supreme Court of any jurisdiction it has ever had. They are simply additions to or enlargements of the jurisdiction of the Surrogates' Courts. There are many trusts which, owing to their peculiar nature, can only be administered under the direction of a court of equity, and these are necessarily within the exclusive control of the Supreme Court. There are many more, however, as to which it may or may not assume jurisdiction. Although it has the power to direct the administration of all trusts, it need not exercise it if the Legislature has given to other tribunals the requisite jurisdiction. That is precisely the condition presented by the case at bar. The Supreme Court, in the exercise of its undoubted power, appointed a successor to a deceased testamentary trustee. When that substituted trustee had completed the work for which he was appointed, he found that there were two methods by which he could account and obtain his discharge. *One was in the court of original jurisdiction, the Supreme Court, which had appointed him, where the procedure was in the form of an action involving much cumbersome and expensive practice.*"

While in the sentence last quoted it is stated that where the accounting was sought in the Supreme Court the procedure was in the form of an action, such an accounting appears to have been had (*Matter of Simpson, supra*) before the Supreme Court in a proceeding instituted by petition and order, wherein it was sought to obtain the appointment of a trustee to execute the trust created by a will and to settle the accounts of the deceased trustee. The proceeding was allowed without question and on appeal it was denominated as a special proceeding. So also in *Matter of Holden* (*supra*).

If, in a proceeding brought to permit a trustee to resign and to procure the appointment of a new trustee, as was done in *Matter of Holden* (*supra*), an accounting may be had as an incident to the proceeding, I see no valid reason why an accounting may not be had herein as an incident to the administration of the trusts. The proceeding is analogous to the proceeding for the judicial settlement of accounts of trustees in Surrogates' Courts, and to the procedure for settlement of the accounts of a committee of an incompetent under section 1381 of the Civil Practice Act. It is more summary than an action, is less cumbersome, and permits the granting of

relief without the delays which are usually incident to the prosecution of an action.

The proceeding will, therefore, be entertained, and upon an examination and adjustment of the accounts an order may be entered adjusting and settling the same.