In the Matter of the Application of MARCUS J. FEDERMAN to Reform and Correct a Certain Agreement of Trust Dated September 12, 1930, under Which the GUARANTY TRUST COMPANY OF NEW YORK Is Trustee.*

Supreme Court, New York County, June 26, 1933.

*Blumberg & Parker* [*Albert Parker* and *Stuart B. Glover* of counsel], for the petitioner.

*Samuel I. Rosenman*, guardian *ad litem* for Beatrice Citron, Walter Federman and Dorothy Federman.

*Davis, Polk, Wardwell, Gardiner & Reed* [*J. Hutton Hinch* of counsel], for the Guaranty Trust Company of New York, trustee.

ABRAHAM BENEDICT, Referee.   This proceeding, brought in lieu of an action, to reform a deed of trust was initiated by the presentation to a justice of this court on April 13, 1933, of an affidavit (instead of a petition) made by Marcus J. Federman setting forth an error alleged to have occurred in drafting the deed of trust.

---

* Report confirmed September 26, 1933, by GAVEGAN, J.

The affidavit contained no prayer for relief, although it stated the relief desired.

An order to show cause was signed directing the trustee, Federman's wife, and his three infant children, the beneficiaries of the trust, and their guardian to be appointed, to show cause at Special Term, Part I, why the trust agreement " should not be reformed, corrected and modified in the manner and to the extent set forth in the annexed affidavit of Marcus J. Federman," and for such other and further relief as to the court might seem proper.

The order appointed a guardian *ad litem* for the three infants and directed the service of copies of the order and affidavit upon the wife, the children and the guardian *ad litem* before a fixed date. The guardian *ad litem* made a preliminary report to the court to the effect that it was necessary to take testimony. Thereafter, on application of attorneys for the petitioner (for such he was, although not so designated), a referee was appointed " to inquire into the facts herein and to report to the court thereon, together with his opinion," and final disposition of the " motion and application " was held in abeyance pending the coming in of the referee's report.

Hearings were had before the referee, at which the petitioner appeared by counsel, as did the trustee, and the children by their guardian *ad litem*. Mrs. Federman, although she personally attended the first hearing before the referee, did not appear by counsel and of course did not participate.

As indicated by the accompanying report, the allegations of the affidavit upon which the proceeding was initiated have been satisfactorily proved and there is no doubt that an error was made in drafting the trust deed. The error lies, as is more fully set forth in the report, in a provision, the effect of which is that during the minority of the infants as well as after they respectively shall attain their majority, the settlor's wife will be entirely deprived of all income from the trust, although it is clear that the settlor's intention was that his wife should, during the settlor's lifetime, receive the entire income (after the payment by the trustee of insurance premiums), and in her uncontrolled discretion apply such part of it as she might deem proper to the support, education and maintenance of the children during their minority and thereafter.

The trust is irrevocable and of course cannot be modified, even by the court, in the sense of altering an existing provision or inserting some other provision which the settlor now wishes he had inserted, except by reformation upon the ground of the draftsman's mistake in framing the instrument and failing to effectuate the settlor's then-existing intention.

In initiating the proceeding by affidavit, instead of by petition, as orderly practice had time out of mind required, the attorneys were warranted by section 119 of the Civil Practice Act. The loose practice which that section encourages is well exemplified by what has occurred here. If the proceeding had been begun by petition, it would at once have occurred to the respondents that answers to the petition were necessary. The form of the application by affidavit apparently led them all to suppose that no answer was necessary. No answer in behalf of any respondent has been filed, nor even an answering affidavit. The result is that no issues are made or presented for hearing or determination. That difficulty might doubtless be overcome by assuming that every respondent puts in issue every material allegation of the moving affidavit, and of course the answer of the infants by their guardian *ad litem*, if one had been filed, would have done exactly that and have submitted their rights and interests to the protection of the court.

Notwithstanding satisfactory proof that the settlor's then existing intention was defeated by the draftsman's error in framing the deed of trust, it is impossible, as the matter is now before the court, to grant the settlor any relief.

If the final order asked for should be made, and should hereafter be challenged by the infants or any of them on coming of age, the trustee's compliance with the order in the meantime might impose upon it a serious personal liability. However, the trustee has not questioned the propriety of the proceeding, nor on the other hand attempted to show that the petitioner's novel practice is proper.

Notwithstanding the referee's sympathetic interest in and approval of the devising of short cuts in procedure, he is unable to see how the present special proceeding can be tolerated as a substitute for a suit in equity to reform the trust deed. If litigants and members of the bar are to be permitted, at their discretion, to invent special proceedings as substitutes for actions, the entire regulated scheme provided by the Civil Practice Act will fall apart and fundamental principles deriving their value from hundreds of years of experience in England and in this country go for naught. Perhaps the Legislature might prescribe that all remedies at law and in equity, now and time out of mind attained by action, should in future be attainable by petition or affidavit and order to show cause, instead of by writ and declaration, subpœna and bill in equity, or, as nowadays, in this State, by summons and complaint. The requirements of due process would equally be preserved — a grievance stated, notice to defend, and opportunity for defense. But the Legislature has not so prescribed. It has prescribed the

contrary, and save where certain special proceedings defined by the Civil Practice Act and by some other statutes authorize relief in that form, relief in equity as at law must be sought by action begun by summons and complaint. (Civ. Prac. Act, §§ 7, 8, 218, 254; *Hyatt* v. *Seeley*, 11 N. Y. 52, 55.) No court has authority to permit the substitution of petition and order to show cause for summons and complaint, and it is safe to say that no court would tolerate such practice even if the ancient practice were not embedded in the statute. (*Romain* v. *Garth*, 5 T. & C. 361, 363.)

The statement in *Union Bank* v. *Bush* (36 N. Y. 631, 636), " A motion is only a summary appeal to the equitable powers of the court, and is everywhere treated as a summary and simple substitute for an action in equity (*Chichester* v. *Cande*, 3 Cowen, 39, note)," read in the light of its context, means merely that in some instances relief may be had either by action or by motion; *e. g.*, where relief is sought from an error in a judgment by confession. (*Mitchell* v. *Van Buren*, 27 N. Y. 300.) In such cases the power to grant relief upon summary application exists because the motion is addressed to a thing already in the hands of the court.

Subdivision 3 of section 63 of the Civil Practice Act, authorizing a court of record " To devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it," obviously is no warrant for the innovation here attempted.

The Supreme Court exercises its great " powers and authority " " in like manner " as the Court of Chancery in England at the time of the separation of the colonies (Civ. Prac. Act, § 64), except as modified by Constitution, statutes and rules.

The definitions of " action " and " special proceeding " (Civ. Prac. Act, §§ 4 and 5) are too general to be of help here; but as remarked by the Court of Appeals in *People* v. *American Loan & Trust Co.* (150 N. Y. 117, 123): " Thus it appears that remedies for the enforcement of rights are divided into two classes, viz., actions and special proceedings. Each has its peculiar and distinguishing characteristics. Where an action is the appropriate remedy, it does not include a special proceeding unless by express provision of law."

The petitioner's counsel rely upon the decision of Mr. Justice Rhodes in *Hill* v. *Hill* (124 Misc. 102) and upon his decision in relation to the same trust at page 98, in both of which, upon petition and order to show cause, the court entertained applications, in the first proceeding (p. 98) for an order in the nature of administration of the trust by permitting increased payment for the support

of two infant beneficiaries, and in the second proceeding (p. 102) for a judicial settlement of the account of the trustee. In his opinion in the second proceeding the learned justice broadly sustained the propriety of a special proceeding of the nature there before him. Two things may be said: In the *first* place, the trust there in question arose out of an action that had been brought in the Supreme Court and had been compromised, and a part of the agreement of settlement was that the trust dealt with by the court in the later proceedings should be constituted, and the court entered a judgment embodying the terms of the agreement or stipulation of settlement and establishing the trust; and the judgment contained an express provision that the court might thereafter make any further order from time to time for the effectuation of the plan and purposes of the settlement (p. 104). The two proceedings thereafter brought might well be regarded merely as applications at the foot of the judgment entered in the Supreme Court action. *Second,* the orders granted in the so-called special proceedings were in the nature of administrative orders, and now and then such orders relating to administration of trusts have been made in special proceedings in the Supreme Court and the propriety of so invoking the jurisdiction instead of by action was apparently not raised (*Matter of Holden,* 126 N. Y. 589; *Matter of Gueutal,* 97 App. Div. 530), but usually similar determinations have been made in actions in equity. (*Brater* v. *Hopper,* 77 Hun, 244; *Wildey* v. *Robinson,* 85 id. 362; *Faile* v. *Crawford,* 30 App. Div. 536, 540, 541; *Jewett* v. *Schmidt,* 83 id. 276; 108 id. 322; affd., 184 N. Y. 608.)

In *Matter of Empire Trust Company* (123 Misc. 673) Mr. Justice Tierney of his own motion refused to entertain a special proceeding by the trustee upon the termination of the trust for a final settlement of the trustee's accounts and its discharge. The decision was put upon the ground that the relief should be had by action in equity and that no such innovation should be countenanced. This decision is distinguished in the *Hill Case* (*supra,* p. 103). Even if the *Hill* case were not distinguishable upon grounds already suggested, the court in this district would doubtless follow the view expressed by Mr. Justice Tierney. There is nothing in the decision or opinion in *Matter of Runk* (200 N. Y. 447) that affects the present question.

The *Hill* case, taken at full, is not applicable here. This is an adversary proceeding involving an alteration of a trust deed. It is in no sense administrative.

As has been remarked, the essentials of due process are here present. The statement in the affidavit of the petitioner's grievance

sets forth a cause of action for reformation of the trust deed; the order to show cause is notice to all persons interested and affords an opportunity on their part to defend. Nevertheless it is open to question whether, notwithstanding due appointment of a guardian *ad litem* for the infants and his appearance and expression of doubt concerning the propriety of the present proceeding (to call it that for want of a better term — it is really no more than a motion), a final order granting the petitioner the relief he seeks and reforming the deed of trust would be binding upon the infants if they should choose to challenge it hereafter. It was former Chancery practice upon a bill against infants, represented by guardian *ad litem*, to provide in the decree for a day after the infants became of age on which they could challenge the propriety of the decree made against them. (*Mills* v. *Dennis*, 3 Johns. Ch. 367, 368; *Wright* v. *Miller*, 8 N. Y. 1, 18; *Matter of Tilden*, 98 id. 434, 444; *Phillips* v. *Dusenberry*, 8 Hun, 348, 351.) That practice has fallen into disuse and there is no doubt nowadays that a judgment or decree regularly granted against infants who are represented by guardians *ad litem* is binding upon the infants to the same extent as though they had been of full age when suit was begun. (*Matter of Tilden*, 98 N. Y. 434; *Matter of Hawley*, 100 id. 206, 211; *Phillips* v. *Dusenberry*, 8 Hun, 348; *Mutual Life Ins. Co.* v. *Schwaner*, 36 id. 373, 375, 376; affd., 101 N. Y. 681; *Matter of Wood*, 70 App. Div. 321, 324.) The criticism in 157 N. Y. 428 of the reasoning in the *Tilden* and *Hawley Cases* (*supra*) does not militate against the soundness of the decisions upon this point there made.

The liberal provisions of the Civil Practice Act (§§ 105, 109, 111) requiring the correction or disregard of errors in practice and procedure are not sufficient to enable the court to disregard the fundamental error herein made. Nor can the proceeding be sustained upon any theory that it is an appeal to the court in relation to the rights and interests of infants. In a general sense, infants are the wards of the Supreme Court as successor of the Court of Chancery. Here no application is made in behalf of the infants. It is adverse to them. In the Chamcery practice, even when application was made for the protection of an infant's interests, it was commonly made by bill. (*Aymar* v. *Roff*, 3 Johns. Ch. 49.) In some instances summary relief could be had by petition to the chancellor in behalf of infants. (*Matter of Bostwick*, 4 Johns. Ch. 100; *Rice* v. *Tonnele*, 4 Sandf. Ch. 568; *Matter of King*, 42 Hun, 607, 608, 609; Perry Trusts [7th ed.], § 617.) But it never was heard of that an adult could proceed against infants except by bill, save where a statute authorized what we now designate a

special proceeding. (3 Daniell Ch. Pl. & Pr. [1st Am. ed. by Perkins from 2d English ed.] 2151.)

While " All procedure is merely a methodical means whereby the court reaches out to restore rights and remedy wrongs; it must never become more important than the purpose it seeks to accomplish " (*Clark* v. *Kirby*, 243 N. Y. 295, 303), yet substantive law and procedure are too closely interwoven to permit the latter to be disregarded. (Salmond Jurisprudence [7th ed.], § 172.) Short cuts in procedure are to be encouraged when they accomplish justice and are not contrary to fundamental principles. (*Kaufman* v. *Wade*, 121 Misc. 598; cf. *Walsh* v. *Woarms*, 109 App. Div. 166; *Collins* v. *McWilliams*, 185 id. 712, 716.) The Supreme Court of the United States treats a writ of error, improvidently sought and allowed, as a petition for a writ of certiorari (*Longest* v. *Langford*, 274 U. S. 499), but that is by virtue of statute (U. S. Code, tit. 28, § 344).

Upon the merits there would be no difficulty, if the petitioner were properly in court, in granting the relief of reformation of the trust deed. (*Parker* v. *Allen*, 14 N. Y. Supp. 265, not officially reported; *Delap* v. *Leonard*, 189 App. Div. 87; *Union Trust Co.* v. *Boardman*, 215 id. 73, 79; affd., 246 N. Y. 626.) The trust deed is in all essentials a unilateral instrument and a mistake in drafting it is necessarily unilateral.

The proceeding should be dismissed without prejudice to an action in equity for reformation or for such other relief as the petitioner may be advised to seek. It is regrettable that the petitioner has needlessly been put to the considerable expense of this proceeding, but that is not the fault of the law. The order of dismissal should require him to pay all the expenses.