In the Matter of the Application of EMPIRE TRUST COMPANY, as Trustee for JOSEPH FISKE CATHERWOOD, under the Trust Created by JOSEPH W. FISKE, for an Order Approving Its Account and Discharging It as Trustee.

In the Matter of the Petition of ELIZABETH F. HANNA, as Executrix under the Last Will and Testament of WILLIAM C. HANNA (Formerly Known as WILLIAM C. HANNA, JR.), for the Appointment of a Trustee in the Place and Stead of WILLIAM C. HANNA, Deceased, of the Trust Created by JOSEPH W. FISKE During His Lifetime.

Supreme Court, New York Special Term, June 29, 1924.

Trusts — application for judicial settlement of account of trustee — relief sought by motion identical with that obtainable in usual action for judicial settlement of account of trustee in which jurisdiction is obtained by service of summons — Supreme Court not required to exercise inherent power to constitute special proceeding in order to obtain jurisdiction — entertainment of motion for relief by special proceeding irregular and unauthorized usurpation of authority under Civil Practice Act.

There is no requirement that the Supreme Court should exercise its inherent power to constitute a special proceeding for the judicial settlement of a trustee's account in order that its jurisdiction should be exercised.

**43**

Accordingly, the petitioner's application made by notice of motion to interested parties for the judicial settlement of its account as trustee will be denied for lack of jurisdiction, since the entertainment of the motion for such relief as a special proceeding is irregular, unnecessary, and an unauthorized usurpation of authority, where the order is not sought in any action pending before the court and the identical relief is open to it by a time-honored form of action under the Civil Practice Act.

APPLICATION for a judicial settlement of account and incidental relief.

*Parmly, Stetson & Woodward* (*Charles E. Healy*, of counsel), for the applicant.

TIERNEY, J. The petitioner was appointed to complete the execution of an express trust of personal property upon the death of the trustee. This appointment was made pursuant to section 20 of the Personal Property Law. That section provides that the appointee shall be subject to the same requirements of law as to accounting as apply to testamentary trustees. The trust has terminated, and the petitioner has rendered an account of its proceedings, and on notice of motion to the parties interested, some of whom have been served outside of this state, asks for an order approving its account, and that it be adjudged to be final and conclusive upon all the parties interested, and directing the payment of commissions and disbursements, and distribution of the balance, and discharging the accountant from all further liability. The relief asked for is that which would be obtained in the usual action for a judicial settlement of the account of a trustee in which jurisdiction to render a judgment binding on the interested parties would be acquired by service of a summons. As the court has not acquired such jurisdiction, and the order is not sought in any action pending before the court, and there is no statutory authority for a special proceeding in this court to judicially settle the account of a trustee upon the termination of the trust, the petitioner supports its application upon the contention that the general supervisory jurisdiction of the court over matters relating to the administration of trusts gives it inherent power to constitute a special proceeding for the judicial settlement of a trustee's account without statutory authority. There is no requirement that the court should constitute or exercise such a power by any necessity to do so in order that its jurisdiction should be exercised. The petitioner seeks by motion to obtain the identical relief that is open to it by a time-honored form of action. The jurisdiction of the court to judicially settle the account of a trustee is based upon the same principles as apply to the judicial settlement

of the account of any other fiduciary. It would be an innovation to have a partner ask the court by motion to settle the affairs of a partnership without bringing an action for a settlement of the partnership accounts. There is no more occasion for the exercise of an implied power to settle the account of a testamentary trustee by petition and order than to do so in the case of a partnership. In each instance the provisions of law for the bringing and conduct of an action cover the whole subject adequately and completely, and there is no occasion for resorting to any special proceeding arising out of an implied power to constitute it. It is further contended that the court acquired jurisdiction of this matter in the proceeding for the appointment of the petitioner to execute the trust, and that this motion to settle its account is made in continuation of that proceeding. It might as well be urged that the judicial settlement of the account of a testamentary trustee is a part of the proceeding for the probate of a will. My conclusion is that the provisions of the Civil Practice Act relating to the bringing and conduct of actions govern the judicial settlement of a trustee's account in this court, and that the entertainment of a motion for such relief as a special proceeding is irregular and would be an unnecessary and unauthorized usurpation of authority.

The application for a judicial settlement of the petitioner's account and incidental relief by order on notice of motion is denied as not authorized by the provisions of practice.

Ordered accordingly.