CITY BANK FARMERS TRUST COMPANY, as Substituted Trustee under the Last Will and Testament of G. WALDO SMITH, Deceased, Appellant, *v.* G. WALDO SMITH, JR., and Another, Respondents, Impleaded with LILY LORING WEEKS and Others, Defendants.

First Department, June 30, 1933.

*Charles Angulo* of counsel [*Bernard Bernstein* with him on the brief; *Taylor, Blanc, Capron & Marsh*, attorneys], for the appellant.

*Jesse F. Orton* of counsel [*Thomas Campbell*, attorney], for the respondents.

*Neil P. Cullom* of counsel [*Henry W. Steingarten* with him on the brief], guardian *ad litem*, for the defendants Julia W. Andrews and others.

PER CURIAM. The dismissal of the complaint was proper.

The facts alleged fail to justify the trustee seeking instructions of the court. The trustees are required to exercise their own judgment and discretion in many instances. Under the lease already approved by the court the trustee has definite rights and adequate remedies. Were the court in such an instance to entertain applications for instructions, trustees would become mere ministerial agents and the courts would be overrun with applications of like character.

The orders appealed from should be affirmed, with twenty dollars costs and disbursements.

Present — FINCH, P. J., MERRELL, O'MALLEY, TOWNLEY and GLENNON, JJ.; FINCH, P. J., and MERRELL, J., dissent and vote to reverse and deny.

FINCH, P. J. (dissenting). It is submitted that in some part at least the complaint states a cause of action and should not

have been dismissed. Respondents fail to differentiate between the answer to the questions presented by the complaint that may be given after the evidence has been produced and whether the plaintiff may be able under this complaint to show that a situation has arisen entitling the trustee to be instructed by the court as to what is the correct answer to the question. A trustee who is in doubt as to the extent of its powers is entitled to instructions by a court of equity. The existence of such a doubt gives rise in a proper case to a cause of action in favor of the trustee. Under the common law this cause of action was enforced by a bill in equity. Under the present law it is enforced by action.

" It is permissible for the trustee, when in doubt as to the extent of his powers or as to the proper manner in which to proceed, to apply to a court of equity for instructions concerning the administration and execution of the trust; and the court will give such instructions, provided the question involved is one of an equitable nature in which the trustee has an interest, and provided the question presented is doubtful and requires immediate solution, and is not merely one which may arise in the future. The application of the trustee should be by bill instead of petition, and the proceedings had thereon are in part the same and in part different from those in other equitable trials." (39 Cyc. 317, " Trusts.")

" As trustees hold the legal title for the benefit of third persons, and as the law forbids them from making any profit to themselves from their management of, or dealing with, the trust fund, so the law protects them from loss if they act according to law in good faith. And in all cases of doubt as to what the law is, and what their conduct ought to be under it, they are entitled to instruction and direction from the court." (2 Perry Trusts & Trustees [6th ed.], p. 780, § 476 [a].) (See, also, *Matter of Waring*, 99 N. Y. 114, 118; 21 C. J. 130.)

It may appear upon the trial that what the trustee desires is to make a mere temporary waiver of the terms of the lease or a temporary modification which in no event would extend beyond five years and the duration of the term of the trust. In that event the inherent power of administration of the trust in the trustee would include the power temporarily to waive performance of a provision in the lease if, in the judgment of the trustee, such waiver was necessary to protect the interests of the trust estate. At least a state of facts may be developed at the trial entitling the trustee to such instructions. It is well settled that a trustee has inherent power to make a valid lease of real estate held in trust, provided that the term of the lease does not extend beyond the duration of the

trust, and by statute in New York beyond five years. (Real Prop. Law, § 106.) The power to make a lease during the duration of the trust, and not beyond five years, results from the fact that the trustee, so long as the trust continues, is the owner of the real estate. (Real Prop. Law, § 100; *Matter of City of New York [110th Street]*, 81 App. Div. 27, 31, 35.) By sections 106 and 107 of the Real Property Law the trustee upon approval by the court has the right to make a lease, the terms of which will extend beyond the duration of the trust and impinge upon the rights of the remaindermen.

At the least the trustee has the right to seek instructions from the court concerning its power, temporarily and not to exceed five years, and during the duration of the trust, to waive a provision of a lease made pursuant to the approval of the court.

It follows that the order appealed from dismissing the complaint should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendants, respondents, to answer on payment of said costs.

MERRELL, J., concurs.

Orders affirmed, with twenty dollars costs and disbursements.