In the Matter of the Final Judicial Settlement of the Accounts of the SYRACUSE TRUST COMPANY, as Trustee under an Agreement Dated the 8th Day of November, 1926, and Its Amendments and Modifications, Made by HENRIETTA W. KERNAN.*

Supreme Court, Onondaga County, May 13, 1935.

*Estabrook, Estabrook & Harding* [*W. H. Harding* of counsel], for the Syracuse Trust Company, petitioner.

*Kernan & Kernan* [*Willis D. Morgan* of counsel], for Henrietta W. Kernan, respondent.

ZOLLER, J. This is a special proceeding wherein said Syracuse Trust Company, as trustee under an agreement dated November 8, 1926, and its amendments and modifications made by said Henrietta W. Kernan, having filed in the office of the clerk of Onondaga county its final account as such trustee, seeks a final judicial settlement of said account and asks for an order adjusting and settling said account as filed. Petitioner for these purposes has come into court on its verified petition and a notice of motion returnable at a Special Term thereof. All parties interested in the proceeding were given proper and sufficient notice of petitioner's application. On the return day respondent appeared by counsel and urged that although the court had jurisdiction of the subject-matter, it had not acquired jurisdiction of the parties by reason of the special proceeding which petitioner had instituted, and argued that the only way for the court to acquire such jurisdiction was by an action in equity brought by the trustee against the proper and necessary parties. Furthermore, respondent, pending several adjournments of the proceeding, obtained an order to show cause, returnable at the time and before the court to which the special

---

* Affd., —— App. Div. ——.

proceeding had been finally adjourned, why all proceedings there-tofore had should not be vacated and set aside and the petition should not be dismissed upon the ground that the court had " no jurisdiction of the person of said Henrietta W. Kernan in the above entitled matter or the subject matter thereof."

I think there is no doubt as to the court's jurisdiction of the subject-matter. The only question to decide is whether or not, upon the facts presented, the court has acquired jurisdiction over the respondent and other necessary and proper parties, if any, in this proceeding, by the filing of its petition and effecting due service of notice of motion upon respondent and all other parties, if any, who are interested in the subject-matter.

Counsel for respondent have submitted, in support of their position, the opinion of Mr. Justice TIERNEY in the case of *Matter of Empire Trust Co.* (123 Misc. 673), decided in 1924. This case appears to be exactly n point and the decision thereof was followed in 1933 in the case of *Matter of Federman* (149 Misc. 4). Counsel also rely upon various statements of the court in the case of *Matter of Smith* (120 App. Div. 199), to the effect that if and when the Supreme Court does take jurisdiction of an accounting by an executor, the Surrogate's Court having full power to settle the account of executors, it " will only be in an action in which the special facts and circumstances are set forth in the complaint." The court there held that there were no special facts and circumstances alleged in the executor's petition upon which an order to show cause had been obtained, directing all persons interested in the estate to attend a final judicial settlement of his accounts as executor.

Petitioner, on the other hand, has cited the case of *Hill* v. *Hill* (124 Misc. 102), decided in 1924, but several months later than the case of *Matter of Empire Trust Co. (supra)*. Mr. Justice RHODES, who wrote the opinion in that case, was fully aware of the decision in the case of *Matter of Empire Trust Co. (supra)*, but attempted to draw and develop a very fine distinction between the two cases. This distinction is of no aid to petitioner in this case. In fact, the distinction favors the argument and position of respondent, in that, here, the application is for a final judicial settlement of petitioner's accounts and not for one during the continuance of the trust and as " an incident to its administration."

There are many cases which, indirectly and by implication and inference, point out and suggest that an equitable action is the proper procedure for the relief which petitioner here seeks. Some of these cases are the following: *Farmers' Loan & Trust Co.* v. *Turner* (242 N. Y. 240); *City Bank Farmers Trust Co.* v. *Smith*

(238 App. Div. 742); *Deering* v. *Pierce* (149 id. 10); *Furniss* v. *Furniss* (148 id. 211); *Post* v. *Ingraham* (122 id. 738); *Holbert* v. *Jackson* (134 Misc. 618); *Crummey* v. *Murray* (130 id. 378).

From the foregoing it is evidently well established that a special proceeding begun in Supreme Court upon a trustee's petition for a final judicial settlement of accounts is not authorized by the provisions of practice and that the proper procedure is to commence an action in equity by means of a summons and complaint, properly served upon all necessary parties.

Petitioner's motion is denied and the special proceeding is dismissed and respondent's motion is granted, each upon the ground that this court has no jurisdiction of the person of Henrietta W. Kernan. No costs are allowed and the dismissal of petitioner's proceeding is without prejudice to any action in equity which it may desire or decide to bring.

An order may be submitted accordingly.