OPINION OF THE COURT
Evans V. Brewster, S.
In this proceeding under SCPA 1809 by the Public Administrator of this county, as administrator of decedent’s estate, to determine the validity of a claim, the Attorney-General has moved by order to show cause for leave to intervene in the proceeding pursuant to CPLR 1012. The Attorney-General also asserts that SCPA 316 makes him a necessary party to the proceeding thereby conferring upon him an absolute right to intervene. In the alternative, the Attorney-General argues *736 that his intervention should be granted in the court’s discretion (CPLR 1013) in that the Public Administrator’s interest in the proceeding is that of a stakeholder and differs from that of the Attorney-General’s of protecting the State’s right to abandoned property as well as the interests of any potential heirs of the decedent. The Public Administrator and the claimant oppose the Attorney-General’s intervention arguing that the Attorney-General is not a necessary party to this proceeding and that the Public Administrator’s interest in the pending proceeding is identical to the Attorney-General’s and not merely that of a stakeholder.
SCPA 1809 (subd 1) permits a fiduciary to initiate a proceeding prior to the filing of his account for determination of the validity or enforceability of an actual or potential claim. SCPA 1809 (subd 2) provides that after the petition has been entertained, "process shall issue to the claimant or possible claimant”. There is no requirement of notice to any other person, hence, in a proceeding of this nature, only the fiduciary and claimant are necessary parties (Matter of Denberg, 66 Misc 2d 508; Powers, Practice Commentary, McKinney’s Cons Laws of NY, Book 58A, SCPA 1809).
Nor is the Attorney-General a necessary party by virtue of SCPA 316. That section requires process to issue to the Attorney-General where there is no distributee or where there are unknown distributees. Thus the effect of SCPA 316 is to make the Attorney-General a necessary party in those proceedings where the distribution of a decedent’s estate is at issue. That issue is not being contested in this proceeding. Thus, the Attorney-General is not a necessary party under either SCPA 316 or 1809 and cannot therefore intervene in this proceeding as of right (CPLR 1012).
A party may be permitted to intervene in a proceeding in the court’s discretion, or where the intervenor’s claim or defense and the main action have a common question of law or fact. In exercising its discretion, the court shall consider whether such intervention will result in undue delay (CPLR 1013).
The Attorney-General’s contention, that his prior involvement in the contested probate of the decedent’s will which resulted in the will being denied probate mandates his intervention in the interest of justice, is without merit. Not only are the issues being litigated herein different from those litigated in the prior proceeding but there is no evidence that *737 the petitioning fiduciary cannot or will not properly or adequately defend against the alleged claim.
There has been no showing that the fiduciary’s interest in this proceeding is at variance with the interest of the Attorney-General to justify his intervention. Even such a showing would not make the Attorney-General a necessary party. The petitioner’s obligation is no different than that of any other fiduciary, i.e., to honor valid claims and to defend against those of specious origin. This interest is identical to that of the Attorney-General or any other interested party and absent a showing of lack of diligence on the part of the Public Administrator, the Attorney-General’s intervention at this juncture would not result in any tangible benefit to the estate and would unduly delay the determination of the claim. The Attorney-General will be a necessary party in the proceeding to settle the account of proceedings of the Public Administrator and will have an opportunity at that time of reviewing the acts and proceedings of the administrator. It is in an accounting proceeding that the conduct of a fiduciary with respect to the disposition of claims against decedent’s estate should be reviewed. The settlement of claims is a fiduciary act for which the fiduciary will be held accountable in the accounting proceeding. To permit legatees, distributees and other interested parties to intervene in a proceeding pursuant to SCPA 1809, would impose delays and unnecessary expense upon a decedent’s estate without commensurate benefit and should be discouraged.
Accordingly, the motion to intervene is denied and this matter is restored to the general calendar of January 25, 1980 to select a date for a hearing.